UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6013-CIV-GOLD/SIMONTON

DANIEL MCCARTHY,

    Plaintiff,

vs.

U.S.A. PROTECTION, INC., formerly
known as R.A. SECURITY SYSTEMS,
INC., a Florida corporation,

    Defendant.
_____/



## ORDER SETTING PLAINTIFF'S CASE FOR TRIAL ON DAMAGES

**THIS CAUSE** is before the court upon plaintiff's statement in response to order granting motion for default judgment (DE # 11).

Based upon plaintiff's statement, dates for the pretrial conference, calendar call, and trial of this case are set forth below. Counsel shall carefully review and comply with the following requirements concerning the pretrial conference.

### Pretrial Conference

1. The pretrial conference is set pursuant to Fed.R.Civ.P. 16 for **September 29, 2000 at 11 AM.** Unless instructed otherwise by subsequent order, the trial and all other proceedings shall be conducted at 301 North Miami Avenue, 10th floor, courtroom ten, Miami, Florida 33128. Pursuant to S.D.Fla.L.R. 16.1(C), each party shall be represented at the pretrial conference and at the meeting required by S.D.Fla.L.R. 16.1(D) by the attorney who will conduct the trial, except for good cause

1

shown.[1]

2. Trial is set for the two-week calendar commencing **Monday, October 23, 2000 at 9:00 a.m.** Counsel for all parties shall appear at a Calendar Call on **Wednesday, October 18, 2000 at 1:30 p.m.**

3. The joint pretrial stipulation shall be due **Friday, September 15, 2000.**

### Telephonic Conferencing for Calendar Call

3. When practical, counsel are urged to utilize telephonic conferencing for the calendar call, as follows: (i) coordinate with counsel for all parties for purposes of determining who else will be appearing in this manner, (ii) schedule the telephonic conference through an **operator-assisted** service, and (iii) file a notice of intention to appear telephonically five (5) business days prior to the calendar call.

### Providing Word Perfect Compatible Disk to the Court

4. Each counsel shall provide the court with a formatted 3.5 diskette for the following motions and responses:

(i) memoranda of law in accordance with S.D.Fla.L.R.16.1(K); (ii) class action certification motions; (iii) dispositive motions; (iv) proposed jury instructions and verdict forms; (v) proposed findings of fact and conclusions of law, and (vi) proposed substantive orders. Each diskette shall be clearly labeled as to the case style and the items recorded on each diskette.

---

[1] **The court is aware that defendant has defaulted in this case. Defendant is still entitled to be present and fully participate in the trial on damages as long as the defendant corporation is represented by an attorney. Should defendant fail to appear to participate, defendant may risk a final judgment on damages being entered against it.**

### Pretrial Schedule and Pretrial Stipulation

5. All counsel shall comply with S.D.Fla.L.R. 16.1(D) regarding the preparation of the joint Pretrial Statement. **Not later than 15 days prior to the due date of the joint pretrial stipulation,** lead counsel shall meet at a mutually convenient location and accomplish the matters set forth in S.D.Fla.L.R. 16.1(D) 1 through 6, and prepare a **joint** pretrial stipulation in compliance with S.D.Fla.L.R. 16.1(E). **The court will not accept unilateral pretrial stipulations,[2] and will strike <u>sua sponte</u>, any such submissions. Should any of the parties fail to cooperate in the preparation of the joint stipulation, all other parties shall file a certification with the court stating the circumstances. Upon receipt of such certification, the court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) should not be held in contempt, and sanctions be imposed, for failure to comply with the court's order.**

6. **The joint pretrial stipulation and the pretrial conference is of critical importance to the court. Counsel are expected to do everything reasonably possible to prepare the joint pretrial statement in good faith with the goal in mind to shorten the amount of time required to try the case. To this end, counsel shall eliminate all unnecessary witnesses, stipulate to all uncontested facts, and reduce the number of exhibits to a minimum.**

7. The joint pretrial stipulation **also shall include** the following information:

    (i) Counsel shall prepare a joint statement of the case which the court will read to the jury

---

[2] **Once again, although the court does not usually accept unilateral stipulations, should defendant fail to appear represented by counsel, the court shall accept plaintiff's unilateral stipulation.**

in introducing the case to the jury panel during voir dire examination.

(ii) The preparation of the joint statement of stipulated facts is not regarded as a *pro forma* requirement. Counsel shall carefully prepare the joint statement after reviewing all admissions contained in the pleadings and in discovery. The purpose of the statement is to eliminate unnecessary testimony from witnesses on undisputed matters of fact. The statement shall be introduced into evidence as a court exhibit and shall be read to the jury. When necessary, counsel may be permitted to elicit admitted facts by testimony or to lay a predicate for further testimony.

(iii) Counsel shall prepare his or her witness list by disclosing those witnesses whom counsel believes in good faith he or she intends to call in their case. To the extent counsel wishes to list other witnesses who *may* be called in response to the other parties' evidence and testimony, these witnesses shall be identified in a separate witness list designated as "List of Other Possible Witnesses." Counsel shall specify which witnesses he or she intends to call "live" and which witnesses will be presented through the reading of depositions. As to the latter, counsel shall estimate the amount of time required to read the deposition testimony. If the time required is more than twenty minutes, counsel should consider presentation of the testimony by video deposition.

(iv) Counsel shall prepare his or her exhibit list by identifying those exhibits which counsel believes in good faith that he or she intends to introduce in their case, excluding impeachment exhibits. To the extent counsel wishes to list other exhibits he or she *may* introduce in response to the opposing parties' evidence and testimony, such exhibits shall be identified in a separate exhibit list designated as "List of Other Possible Exhibits."

As to those exhibits on the primary list, counsel shall **carefully** note the basis for their objections in accordance with S.D.Fla.L.R. 16.1(E)(9). **The court will not accept general objections**

**based on matters such as authenticity without an accompanying motion in limine which addresses the basis for such objections. Counsel shall realistically consider their objections and agree on trial exhibits which may be entered into evidence without objection in order to conserve trial time. Any failure to abide by these instructions may result in sanctions.**

(v) Counsel shall discuss and set forth in the joint pretrial statement their estimate as to the amount of trial time necessary to complete their respective cases. Counsel are advised that court shall be in session from 9:00 A.M. to 4:30 P.M., with one hour for lunch, Monday through Thursday of each week. Each counsel shall estimate carefully the time for direct examination of their respective witnesses and also provide an estimate of the amount of time needed for cross-examination, re-direct and re-cross examination. **Counsel are hereby warned that the court has successive two week calenders and numerous criminal trials with speedy trial requirements. Any failure to advise the court in good faith of the estimated trial time may not only delay conclusion of the trial, but may also result in sanctions against counsel.**

(vi) Counsel shall enumerate with particularity the legal and factual issues which are pending for trial. The court considers such delineation to be critical, and a good faith effort is mandatory. In the event of a significant disagreement, the parties shall set forth the reason(s) for their disagreement and provide a modified statement of the issue(s) which such party proposes to be tried.

(vii) The joint pretrial stipulation shall include the names, addresses, resumes, and brief summaries of the opinions of all expert witnesses expected to be called at trial.

(viii) All motions *in limine* shall be filed with the Joint Pretrial Stipulation, including motions to strike expert testimony under the authority of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 125 L.Ed.2d 469, 113 S.Ct. 2786 (1993) and *Kumho Tire Co. v.Carmichael*, _ U.S. _,

S.Ct. 1167, 143 L.Ed.2d 238 (1999). Any *Daubert/Kumho* motion shall be accompanied by appropriate affidavits.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2 day of August, 2000.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　**THE HONORABLE ALAN S. GOLD**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

cc:

Loring N. Spolter, P.A.
International Building
2455 E. Sunrise Blvd., Suite 807
Ft. Lauderdale, FL 33304

Rod Steadman, Registered Agent
U.S.A. Protection, Inc.
19371 SW 118th Ct.
Miami, FL 33177