UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6013-CIV-GOLD/SIMONTON

DANIEL MCCARTHY,

       Plaintiff,

v.

U.S.A. PROTECTION, INC., formerly
known as R.A. SECURITY SYSTEMS,
INC., a Florida corporation,

       Defendant.

_____/

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

       Plaintiff, Daniel McCarthy ("McCarthy"), pursuant to Local Rule 16.1 of the Southern

District of Florida, Federal Rule of Civil Procedure 51, and the Court's Order Setting Plaintiff's

Case for Trial on Damages, hereby submits his Proposed Jury Instructions.

Respectfully submitted,

This _____ day of September, 2000.

Respectfully Submitted,

                              Loring N. Spolter, P.A.
                              Attorney for Plaintiff
                              2455 E. Sunrise Blvd., Suite 807
                              Fort Lauderdale, FL 33304
                              Tel. (954) 728-3494
                              Fax (954) 563-2252

                          By: _____
                              Loring N. Spolter, Esq.
                              Fla. Bar No. 864196

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been duly

furnished by U.S. mail to: Rod Steadman, Registered Agent of the above-named Defendant,

19371 S.W. 118ᵗʰ Court, Miami, Florida 33177, this 26ᵀᴴ day of September, 2000.

                                        By: _____
                                            Loring N. Spolter, Esq.
                                            Florida Bar No. 864196

## <u>TABLE OF CONTENTS</u>

### INSTRUCTIONS TO BE GIVEN AT THE CLOSE OF EVIDENCE

1.    Consideration of the Evidence – Duty to Follow Instructions

2.    Objections by Counsel

3.    "If You Find," or "If You Decide"

4.    Credibility of Witnesses

5.    Impeachment

6.    Inference Defined

7.    Burden of Proof – Absolute Certainty Not Required

8.    Fair Labor Standards Act – Introduction and Back Pay

9.    Liquidated Damages

10.   Verdict – Unanimous – Duty to Deliberate

11.   Verdict Forms – Jury's Responsibility

12.   Communications Between Court and Jury During Jury's Deliberations

13.   Election of Foreperson

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

(Consideration of the Evidence – Duty to Follow Instructions)

MEMBERS OF THE JURY:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished, you will go to the jury room and begin your discussions—what we call deliberations.

In deciding the case, you must follow and apply all the law as I explain it to you, whether you agree with the law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone. A corporation and all other persons stand equal before the law, and must be dealt with as equals in a court of justice.

When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees which are made within the scope of their duties as employees of the company.

In your deliberations, you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.

Remember that anything the lawyers say is not evidence in the case. And except for my instructions to you on the law, you should disregard anything I may have said during the trial in

4

arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

**Authorities**

*Pattern Jury Instructions for the Eleventh Circuit* §§ 1, 2.2 at pp. 11, 13 (2000 ed.)

GIVEN AS REQUESTED         _____
GIVEN AS MODIFIED          _____
REFUSED                    _____
WITHDRAWN                  _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2

### (Objections by Counsel)

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Therefore, you should not be prejudiced against an attorney or her client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not indicate any opinion as to the weight or effect of such evidence. As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**Authorities**

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 11.03 (1987 ed.).

**GIVEN AS REQUESTED**      _____

**GIVEN AS MODIFIED**       _____

**REFUSED**                 _____

**WITHDRAWN**               _____

6

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3

("If You Find," or "If You Decide")

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression, "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

### Authorities

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 72.02 (4th ed. 1987).

GIVEN AS REQUESTED        _____
GIVEN AS MODIFIED         _____
REFUSED                   _____
WITHDRAWN                 _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4

### (Credibility of Witnesses)

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses concerning any fact in dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

**<u>Authorities</u>**

*Pattern Jury Instructions for the Eleventh Circuit* § 3 at p. 17 (2000 ed.).

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5

### (Impeachment)

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things, or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## Authorities

*Pattern Jury Instructions for the Eleventh Circuit* § 4.1 at p. 18 (2000 ed.).

**GIVEN AS REQUESTED**   _____
**GIVEN AS MODIFIED**   _____
**REFUSED**   _____
**WITHDRAWN**   _____

9

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6

### (Inference Defined)

You are to consider all the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by evidence in the case.

### **Authorities**

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 72.04 (4th ed. 1987).

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7

### (Burden of Proof – Absolute Certainty Not Required)

In this case, each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes referred to as the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.


**Authorities**

*Pattern Jury Instructions for the Eleventh Circuit*, § 6.2, p. 23 (2000 ed.).


GIVEN AS REQUESTED        _____
GIVEN AS MODIFIED         _____
REFUSED                   _____
WITHDRAWN                 _____

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 8

### (Fair Labor Standards Act – Introduction and Back Pay)

This case arises under the Fair Labor Standards Act, the federal law that provides for the payment of time-and-a-half overtime, holiday pay, and vacation pay as required by law. As I have already instructed you, the Defendant has defaulted in this case, and therefore you need not determine the Defendant's liability. Rather, the only issue in this case at this point is the amount of damages that McCarthy is due.

The Fair Labor Standards Act requires the employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in any one work week over 40 hours. This is commonly referred to as time-and-a-half pay for overtime and holidays.

The employer's "regular rate" during a particular week is the basis for calculating any overtime pay due to the employee for that week. The "regular rate" for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, is one and one-half of that rate which is owed for each hour in excess of 40 hours worked during that work week.

The measure of back pay damages that McCarthy is owed in this case is the difference between what McCarthy should have been paid under the Act and that amount that you find McCarthy actually was paid.

**Authorities**

*Pattern Jury Instructions for the Eleventh Circuit*, § 1.7.1, pp. 127-30 (2000 ed.).

**GIVEN AS REQUESTED** _____

**GIVEN AS MODIFIED** _____
**REFUSED** _____
**WITHDRAWN** _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9

### (Liquidated Damages)

If you awarded back pay to McCarthy, you must determine whether liquidated damages should be assessed against the Defendant. Liquidated damages are designed to punish defendant-employers who willfully violate the Fair Labor Standards Act, which is in contrast to a mere accidental violation. If you find that the Defendant willfully violated the Fair Labor Standards Act, you must assess liquidated damages. If you find that the Defendant's violation of the Fair Labor Standards Act was willful, write in the word "Yes" in the appropriate place in the Verdict Form. The effect of an award of liquidated damages is that McCarthy's back pay award will be doubled. Therefore, you are not to assess a specific amount of liquidated damaged, but rather merely ascertain whether they should be awarded.

### Authorities

Devitt & Blackmar, *Federal Jury Practice and Instructions*, § 106.07 (4th ed. 1987) (modified). *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 419 (1975); *EEOC v. Guardian Pools, Inc.*, 828 F.2d 1507, 1512-13 (11th Cir. 1987); *Nord v. United States Steel Corp.*, 758 F.2d 1462, 1471-72 (11th Cir. 1986); *Smith v. American Serv. Co. of Atlanta, Inc.*, 796 F.2d 1430 (11th Cir. 1986) *Brown v. A.J. Gerrard Mfg. Co.*, 715 F.2d 1549 (11th Cir. 1983); *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 529 (11th Cir. 1990); *Castle v. Sangamoi Weston, Inc.*, 837 F.2d 1550, 1560-61 (11th Cir. 1988); *Darnell v. City of Jasper*, 730 F.2d 653, 655-57 (11th Cir. 1984); *Walters v. City of Atlanta*, 803 F.2d 1135, 1149 (11th Cir. 1986); *Miller v. Marsh*, 766 F.2d 490, 492 (11th Cir. 1985); *Florida Statutes* § 760.01, *et seq.*; *Florida Dep't of Community Affairs v. Bryant*, 586 So.2d 1205, 1209 (Fla. App. 1st Dist. 1991).

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____

14

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10

### (Verdict – Unanimous – Duty to Deliberate)

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict, you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in this case.

**Authorities**

*Pattern Jury Instructions for the Eleventh Circuit* § 7.1 at p. 16 (1990 ed.).

GIVEN AS REQUESTED       _____
GIVEN AS MODIFIED        _____
REFUSED                  _____
WITHDRAWN                _____

16

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11**

(Verdict Forms – Jury's Responsibility)

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility

**Authorities**

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 74.07 (4th ed. 1987).

GIVEN AS REQUESTED       _____
GIVEN AS MODIFIED        _____
REFUSED                  _____
WITHDRAWN                _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12

(Communications Between Court And
Jury During Jury's Deliberations)

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any members of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open Court.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

### Authorities

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 74.08 (4th ed. 1987).

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED      _____
REFUSED      _____
WITHDRAWN      _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13

### (Election of Foreperson)

Upon retiring to the jury room, you will select one of your members to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in Court. A form of special verdict has been prepared for your convenience. You will take the form to the jury room.

[ Here read form of special verdict ]

You will note that each of the interrogatories or questions calls for a "Yes" or "No" answer, or a monetary amount. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the spaces provided underneath each question. As you will note from the wording of the questions, it will only be necessary to answer questions regarding the amount of liquidated or punitive damages, if you answer "YES" to the questions regarding whether Defendants acted with malice or with reckless disregard for the protected rights of Durall. The foreperson will then date and sign the special verdict as so completed; and you will then return with it to the courtroom.

**Authorities**

*Pattern Jury Instructions for the Eleventh Circuit*, § 8, p. 26 (2000 ed.); Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 74.05 (4th ed. 1987) (as modified).

GIVEN AS REQUESTED    _____
GIVEN AS MODIFIED    _____
REFUSED    _____
WITHDRAWN    _____