UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6013-CIV-GOLD/SIMONTON

DANIEL MCCARTHY,

Plaintiff,

v.

U.S.A. PROTECTION, INC., formerly known as R.A. SECURITY SYSTEMS, INC., a Florida corporation,

Defendant.
_______________________________/



**PLAINTIFF'S VERIFIED MOTION TO TAX COSTS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, DANIEL MCCARTHY ("McCarthy"), pursuant to Federal Rule of Civil Procedure 54(d)(1), Local Rule 7.3, 29 U.S.C. § 216, and 42 U.S.C. § 1988, moves this Court for entry of an order taxing its costs as the prevailing party, and requests interest on the costs pursuant to 28 U.S.C. § 1961, and in support states:

**BACKGROUND**

On November 6, 2000, the Court issued a Final Judgment in McCarthy's favor for $28,535.52. The Defendant had defaulted. In the Court's Final Judgment, the Court had specifically reserved jurisdiction to consider a motion for attorneys' fees. McCarthy is the prevailing party in this case. The Supreme Court of the United States has held that a party is a "prevailing party" for purposes of an attorney's fee award if the party "prevailed in some significant issue in the litigation and [has] obtained some of the relief [he or she] sought." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989); *Farrar v. Hobby*, 506

ENVELOPES NOT PROVIDED

27

U.S. 103, 111-13 (1992) (holding that a judgment for any amount of monetary relief—including nominal damages—renders a plaintiff to be a prevailing party). Unquestionably, McCarthy is a prevailing party.

## MEMORANDUM OF LAW

### I. MCCARTHY, AS THE PREVAILING PARTY, IS ENTITLED TO RECOVER FOR ALL COSTS INCURRED OTHER THAN FOR ROUTINE OFFICE OVERHEAD PURSUANT TO 29 U.S.C. § 216(b), 42 U.S.C. § 1988, 28 U.S.C. § 1920 AND RULE 54(d)

The Court has discretion in considering a motion to tax costs. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 462 (11th Cir. 1996). "[A]lthough the district court has discretion to deny a prevailing party costs, such discretion is not unfettered." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995). "[W]here the trial court denies the . . . costs, the court must give a reason for its denial of costs so that the appellate court may have some basis upon which to determine if the trial court acted within its discretionary power." *Id.* (citing *Gilchrist v. Bolger*, 733 F.2d 1551, 1557 (11th Cir. 1984)).

The Eleventh Circuit has held that Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party" which the losing party must overcome. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991); *Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981). In fact, Rule 54 specifically states that:

> Costs other than attorneys' fees *shall* be allowed as of course to the prevailing party unless the court otherwise directs.

(emphasis added). A district court's discretion to deny costs is quite limited, as the courts have noted that "[t]he presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them. . . . Generally, only misconduct by the prevailing

party worthy of a penalty . . . will suffice to justify denying costs." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997).

"[T]he language of the rule reasonably bears intendment that the prevailing party is *prima facie* entitled to costs and it is incumbent on the losing party to overcome that presumption . . . [since] denial of costs . . . is in the nature of a penalty for some defection on his part in the course of the litigation." *Gilchrist v. Bolger*, 733 F.2d 1551, 1557 (11th Cir. 1984).

Finally, and most importantly, "*where cost-shifting is expressly authorized by statute, the traditional limitations of Rule 54(d) and 28 U.S.C. §§ 1920 and 1923(a) do not apply.*" *Dowdell v. City of Apopka*, 698 F.2d 1181, 1188 (11th Cir. 1983) (emphasis added). The FLSA, via § 216(b), is a fee-shifting (and cost-shifting) statute. *Jones v. Central Soya Co.*, 748 F.2d 586, 589 (11th Cir. 1984); *Ramsey v. Chrysler First, Inc.*, 861 F.2d 1541, 1544 (11th Cir. 1988); *Verbraecken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1051 (11th Cir. 1989). Because the ADEA is a fee- and cost-shifting statute, "[r]easonable attorney's fees . . . must include reasonable expenses because attorney's fees and expenses are inseparably intertwined as equally vital components of the costs of litigation." *Dowdell*, 698 F.2d at 1190. Accordingly, *all reasonable expenses, with the exception of routine office overhead, are recoverable as litigation expenses. Id.* at 1192. *Dowdell* was not an FLSA case, but rather the costs were recoverable in *Dowdell* pursuant to 42 U.S.C. § 1988; the Eleventh Circuit has held that prevailing plaintiffs under the FLSA seeking costs and fees may rely on cases assessing costs pursuant to § 1988. *Jones v. Central Soya Co.*, 748 F.2d 586, 589 & n.1 (11th Cir. 1984).[1]

In light of the fact that McCarthy is entitled to recover *all* costs, with the exception of routine office overhead, McCarthy will analyze all costs that he would be entitled to under the costs statute, 28 U.S.C. § 1920, because any costs recoverable under § 1920 cannot constitute

routine office overhead. The cost statute, 28 U.S.C. § 1920 specifically enumerates taxable costs as including:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (1994). Additionally, McCarthy is entitled to certain costs pursuant to 29 U.S.C. § 216(b), and 42 U.S.C. § 1988.

**A. <u>Fees of the Clerk and Marshal</u>**

The phrase "fees of the clerk and marshal" has been interpreted to mean service of process costs. Although § 1920(1) specifically mentions the term "marshal," since the Marshal's Service rarely serves process anymore, the current trend is to read § 1920 as contemplating costs for the service of process in general. Collins v. Gorman, 96 F.3d 1057 (7th Cir. 1996); *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175 (9th Cir. 1990); *Tang How v. Edward J. Gerritts, Inc.*, 756 F. Supp. 1540, 1545 (S.D. Fla. 1991) (J., Davis); *American United Life Ins. v. American United Ins.*, 731 F. Supp. 480, 489 (S.D. Fla. 1990) (J., King); *Allen v. Freeman*, 122 F.R.D. 589, 592 (S.D. Fla. 1988); *Griffith v. Mt. Carmel Medical Ctr.*, 157 F.R.D. 499, 507 (D. Kan. 1994); and *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995). McCarthy has incurred $45.00 in service fees, as he had to serve the Complaint.

---

[1] McCarthy is separately filing a Motion for Attorney's Fees.

## II. IN ADDITION TO THE ABOVE COSTS, MCCARTHY IS ENTITLED TO CERTAIN OTHER COSTS UNDER THE COST- AND FEE-SHIFTING PROVISIONS OF THE ADEA

As stated above, it is well established that § 1988 (and other fee- and cost-shifting statutes) allows the imposition of all reasonable litigation expenses except routine office overhead. *NAACP v. City of Evergreen*, 812 F.2d 1332, 1337 (11th Cir. 1987); *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983).

### A. Postage, Delivery, and Federal Express Costs

The law in this Circuit provides that costs incurred for postage, the delivery of documents, and filing fees may be obtained by the prevailing party from the losing party. *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983); *Miller v. Carson*, 628 F.2d 346, 349 (5th Cir. 1980); *Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988). McCarthy incurred $150.00 in filing fees when he filed his Complaint.

## III. MCCARTHY IS ENTITLED TO INTEREST FLOWING FROM THE DATE OF THE COURT'S FINAL JUDGMENT—NOVEMBER 6, 2000—ON ANY AND ALL COSTS TAXED BY THE COURT

McCarthy is entitled to interest flowing from the date of the Court's Final Judgment—November 6, 2000—on any and all costs taxed by the Court. *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) (holding that "[w]e conclude that when a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment").

**CONCLUSION**

Based on the foregoing, McCarthy respectfully requests that this Court tax the following costs against the Defendant:

| **TYPE OF COST** | **AMOUNT** |
|---|---|
| Service of Process | $ 45.00 |
| Filing Fees | 150.00 |
| **TOTAL** | **$ 195.00** |

Respectfully submitted,

LORING N. SPOLTER, P.A.
2455 E. Sunrise Blvd
Suite 807
Fort Lauderdale, Florida 33304
Tel. (954) 728-3494
Fax. (954) 563-2252

By: ______________________
Loring N. Spolter Esq.
Fla. Bar No. 0864196

**VERIFICATION**

I, Loring N. Spolter, Esq., as attorney for Daniel McCarthy, having first been duly sworn in accordance with law, do hereby depose and state that I have read the foregoing Motion to Tax Costs, and that the various costs sought to be taxed against the Defendant herein, with further supporting documentation attached hereto, are true and correct to the best of my knowledge and information, and that this Motion is well grounded in fact and justified.

LORING N. SPOLTER

STATE OF FLORIDA

COUNTY OF Broward

BEFORE ME, the undersigned authority, personally appeared Loring N. Spolter, personally known to me or who produced personally known as identification, and who, after being duly sworn, stated under oath that he/she signed the foregoing Motion to Tax Costs on behalf of ________________________, and they are true and correct to the best of his/her knowledge and information.

SWORN TO AND SUBSCRIBED before me, this 1st day of December, 2000.

NOTARY PUBLIC

My Commission Expires:

Dated this 1st day of December, 2000.



**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been duly furnished by ~~hand delivery~~ US Mail to: Rod Steadman, Registered Agent of the above-named Defendant, 19371 S.W. 118th Court, Miami, Florida 33177, Robert Odierna, Sr. or Jr., c/o Go Wireless, 3399 N.W. 72nd Avenue, Suite 201, Miami, Florida 33179, this 1 day of December, 2000.

By: ______________________
Loring N. Spolter Esq.
Fla. Bar No. 0864196