# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 00-6013-CIV-GOLD/SIMONTON

DANIEL MCCARTHY,

      Plaintiff,

v.

U.S.A. PROTECTION, INC., formerly
known as R.A. SECURITY SYSTEMS,
INC., a Florida corporation,

      Defendant.

_____/



## MOTION FOR PROTECTIVE ORDER
## AND INCORPORATED MEMORANDUM OF LAW

Robert Odierna, Jr., through his undersigned attorneys moves this Honorable Court for the

entry of its Protective Order, pursuant to Rules 26(c) and 45(c)(3), Federal Rules of Civil Procedure,

Quashing the Notice of Deposition and Subpoena Duces Tecum, which Plaintiff, DANIEL

MCCARTHY served on Robert Odierna, Jr. and, prohibiting Plaintiff from going forward with the

deposition and obtaining, examining, and/or copying those documents that were subpoenaed from

Robert Odierna, Jr., which are of a confidential nature.

    1.      Plaintiff obtained a default judgment against Defendant, U.S.A. PROTECTION,

INC., on November 6, 2000 for violations of the Fair Labor Standards Act.

    2.      Plaintiff served a notice of deposition and subpoena duces tecum on non-party Robert

Odierna, Jr., to appear for deposition on February 8, 2001.

3.     Mr. Odierna is not a party to the action and as set forth in his affidavit attached hereto and made a part hereof as Exhibit "A", is not and has never been an officer, director or shareholder of the Defendant corporation. Thus, no showing is (or could be) made that Odierna is a debtor of Plaintiff.

4.     The subpoena is of a form typically associated with discovery in aid of execution of and from a judgment debtor.

5.     The subpoena requests production of copies or originals dating from 1997 of all his financial statements, income records, real and personal property records, insurance policies, tax returns, corporate securities, bankruptcy records, minutes of corporate meetings, names of debtors and creditors, pension plans and business agreements. The subpoena also requests Robert Odierna, Jr. to calculate the present value of all his personalty and to identify its location. A true and correct copy of the subpoena is attached hereto as Exhibit "B".

6.     Federal Rule of Civil Procedure 45(c)(3)(A)(iii) provides in part that the court by which a subpoena was issued shall quash or modify a subpoena if it requires disclosure of protected information. Rule 45(c)(3)(A)(iv) allows the Court to quash a subpoena if it subjects the witness to undue burden. The subject subpoena does both and should be quashed.

7.     Federal Rule of Civil Procedure 26(c) states in pertinent part that in matters relating to a deposition, the court may make any order that justice requires to protect a party from oppression, undue burden, or expense. Rule 26(c)(7) provides for such protection with regard to confidential information.

8.     Plaintiff has not met its burden under applicable law to demonstrate its entitlement

to these documents, nor does he offer justification for subjecting a non-party to this burnden and the invoices of the confidentiality of the requested information.

9.      Undersigned spoke with Plaintiff's counsel, Loring Spolter, in a good faith effort to resolve the matter. Plaintiff's counsel agreed to a postponement of the deposition. Plaintiff's counsel asserts that he has reason to believe that Odierna has taken over the business of the Defendant. Odierna disputes that given that factual issue, Odierna's counsel acknowledges that Plaintiff is entitled to take the deposition of Odierna as to those facts. However, the parties could not reach an agreement as to production of personal financial information as Odierna's counsel continues to urge they are not discoverable in this action. Based upon their discussions, Odierna acknowledges that he will appear for deposition after the Court's ruling on his objections to the document request associated with the subpoena.

10.      To the extent that Robert Odierna, Jr. may have any documents responsive to the subpoena, collection and production of those documents would be exceedingly burdensome, intrusive and time consuming. These financial records are personal and confidential and Plaintiff shows no basis whatsoever entitling it to review of them.

## MEMORANDUM OF LAW

Under the Federal Rules of Civil Procedure, the Court must quash a subpoena if it subjects a party to undue burden or is unreasonable and oppressive. See In Re Grand Jury Proceedings, 601 F.2d 162, 168 (5th Cir. 1979). This Court has laid out a test for determining whether a subpoena is unduly burdensome: 1) The party seeking the information must show a need for it; 2) that party must demonstrate the unavailability of relevant information from other sources; 3) the benefit of the

information must outweigh the burden of production. If the subpoena fails to meet these criteria, it

is unreasonable. In Re Duque, 134 B.R. 679, 683-84 (S.D. Fla. 1991) (citing Herron v. Blackford,

264 F.2d 723, 725 (5th Cir. 1959)). Moreover, special care is due to persons who are not parties to

the underlying case and whose relation to it is speculative or tangential. See Ariel v. Jones, 693 F.2d

1058 (11th Cir. 1982). "There appear to be quite strong considerations indicating that the discovery

would be more limited to protect third parties from harassment, inconvenience, or disclosure of

confidential documents." Collins And Aikman Corporation v. J.P. Stevens & Co., 51 F.R.D. 219,

221 (D.S.C. 1971). Florida law also protects the confidentiality of private financial records. See

Winfield v. Division of Pari-Mutuel Wagering, Dept. of Business Regulation, 477 So. 2d 544 (Fla.

1985); see also Berkely v. Eisen, 699 So. 2d 789 (Fla. 4th DCA 1997).

Rule 26(c) provides in pertinent part: "[T]he court in the district where the deposition is to

be taken may make any order which justice requires to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense . . . ."

Plaintiff has issued a broad, intrusive and burdensome request that Robert Odierna, Jr.

produce all manner of documentation regarding his personal financial history. The burden to Mr.

Odierna to gather and make available this volume of confidential information is palpable. Robert

Odierna, Jr. is not a party to the case, and Plaintiff has not even attempted to demonstrate how a

subpoena against him is necessary or appropriate in order to satisfy the default judgment entered

against the Defendant.[1] The subpoena should be quashed because it exposes Robert Odierna, Jr. to

---

[1] Notably, this Court rejected language in Plaintiff's proposed final judgment which attempted to reserve
jurisdiction over matters involving Mr. Odierna.

unreasonable annoyance, harassment and embarrassment.

WHEREFORE, Robert Odierna, Jr. respectfully requests that this Honorable Court to enter its protective order (1) Quashing the Notice of Deposition and Subpoena, pursuant to Rule 45(c)(3)(A)(iv), served on Robert Odierna, Jr. by Plaintiff Daniel McCarthy; and (2) Prohibiting Plaintiff from going forward with the deposition and obtaining, examining, and/or copying the confidential documents requested in the subpoena, and providing such other relief as the Court may deem appropriate under the circumstances.

## CERTIFICATE OF GOOD FAITH

I HEREBY CERTIFY that, I, counsel for Robert Odierna, Jr. conferred with counsel for Plaintiff by telephone on February 6, 2001, in an effort to resolve this dispute without court action. The parties agreed to postpone the deposition pending resolution of Odierna's objection to the duce tecum aspect of the subpoena calling for production of personal financial information. Counsel agreed that the deposition could proceed but could not resolve the dispute at to documents to be produced .

GUNSTER, YOAKLEY & STEWART, P.A.
Attorneys for Robert Odierna, Jr.
Suite 3400, One Biscayne Tower
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone (305) 376-6000

By:_____
          Raymond V. Miller, Esq.
          Fla. Bar No. 328901

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing Motion for Protective Order and Incorporated Memorandum of Law was furnished by facsimile and U.S. Mail this _8ᵗʰ_ day of February, 2001 to Loring N. Spolter, P.A., 2455 East Sunrise Boulevard, Suite 807, Fort Lauderdale, Florida 33304.

GUNSTER, YOAKLEY& STEWART, P.A.
Suite 3400, One Biscayne Tower
2 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 376-6000

By: _____
Raymond V. Miller, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6013-CIV-GOLD/SIMONTON

DANIEL MCCARTHY,

      Plaintiff,

v.

U.S.A. PROTECTION, INC., formerly
known as R.A. SECURITY SYSTEMS,
INC., a Florida corporation,

      Defendant.

_____/

## AFFIDAVIT OF ROBERT ODIERNA, JR.

STATE OF FLORIDA         )
                     )ss
COUNTY OF MIAMI-DADE   )

      **BEFORE ME**, the undersigned authority personally appeared, Robert Odierna, Jr., who after

being duly sworn, under oath, deposes and says as follows:

      1.     My name is Robert Odierna, Jr.

      2.     I am over the age of 18 and have personal knowledge of all matters stated herein.

      3.     I was served with a notice of deposition and a subpoena duces tecum of my personal

financial records in the above-styled case on December 13, 2000.



EXHIBIT
"A"

4.    I am not nor have I ever been a director, officer, or shareholder of U.S.A. PROTECTION, INC. or R.A. SECURITY SYSTEMS, INC.

FURTHER AFFIANT SAYETH NOT

ROBERT ODIERNA, JR.

By:_____
      Robert Odierna, Jr.

STATE OF FLORIDA              )
                              ) ss:
COUNTY OF MIAMI-DADE          )

The foregoing instrument was acknowledged before me this _5_ day of February, 2001 by Robert Odierna, Jr., who is personally known to me or who produced ᴛⵏ ꭰ ꭱ ꭒⵏ ꭺ ꭺⵛ. as identification and who did/did not take an oath.

Jorge L Rumayor
My Commission CC820209
Expires March 23, 2003

_____
Notary Public, State of Florida at Large

My Commission Expires:

2

# United States District Court

## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 00-6013-CIV-GOLD/SIMONTON

DANIEL McCARTHY,

  Plaintiff,

vs.

U.S.A. PROTECTION, INC., formerly known as
R.A. Security Systems, INC., a Florida corporation,

  Defendant.

## SUBPOENA IN A CIVIL CASE
## DUCES TECUM

TO:  **Robert Odierna, Jr.**
      **c/o Go Wireless**
      **3399 N.W. 72d Avenue, Suite 201**
      **Miami, Florida 33179**

**9 YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |

**⁛ YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| LORING N. SPOLTER, P.A. <br> Suite 807 <br> 2455 E. Sunrise Boulevard <br> Fort Lauderdale, Florida 33304 | **Thursday, February 8, 2001, at 1:00 p.m.** |

**⁛ YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**SEE EXHIBIT "A" ATTACHED TO SUBPOENA FOR DOCUMENTS REQUESTED.**

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| LORING N. SPOLTER, P.A. <br> Suite 807 <br> 2455 E. Sunrise Boulevard <br> Fort Lauderdale, Florida 33304 | **Thursday, February 8, 2001, at 1:00 p.m.** |

**9 YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Fed. R. Civ. P. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ... FOR ...) | DATE |
|---|---|
| Attorney for Plaintiff | 12/13/2000 |

Attorney for Plaintiff
Loring N. Spolter, Esq.
Loring N. Spolter, P.A.
2455 E. Sunrise Blvd., Suite 807
Fort Lauderdale, FL 33304
(954) 728-3494

EXHIBIT
"B"

# United States District Court

SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6013-CIV-GOLD/SIMONTON

DANIEL McCARTHY,

   Plaintiff,

vs.

U.S.A. PROTECTION, INC., formerly known as
R.A. Security Systems, INC., a Florida corporation,

   Defendant.

## SUBPOENA IN A CIVIL CASE
## DUCES TECUM

TO:   **Robert Odierna, Jr.**
       **c/o Go Wireless**
       **3399 N.W. 72d Avenue, Suite 201**
       **Miami, Florida 33179**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time
specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify
at the taking of a deposition in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| LORING N. SPOLTER, P.A.<br>Suite 807<br>2455 E. Sunrise Boulevard<br>Fort Lauderdale, Florida 33304 | **Thursday, February 8, 2001, at 1:00 p.m.** |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the
following documents or objects at the place, date, and time specified below (list documents or objects):
**SEE EXHIBIT "A" ATTACHED TO SUBPOENA FOR DOCUMENTS REQUESTED.**

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| LORING N. SPOLTER, P.A.<br>Suite 807<br>2455 E. Sunrise Boulevard<br>Fort Lauderdale, Florida 33304 | **Thursday, February 8, 2001, at 1:00 p.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or
more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify. Fed. R. Civ. P. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (ATTY FOR ...) | DATE |
|---|---|
| Attorney for Plaintiff | 12/13/2000 |

Loring N. Spolter, Esq.
Loring N. Spolter, P.A.
2455 E. Sunrise Blvd., Suite 807
Fort Lauderdale, FL 33304
(954) 728-3494

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6013-CIV-GOLD/SIMONTON

DANIEL MCCARTHY,

     Plaintiff,

v.

U.S.A. PROTECTION, INC., formerly
known as R.A. SECURITY SYSTEMS,
INC., a Florida corporation,

     Defendant.

_____/

## LIST OF DOCUMENTS THAT ROBERT ODIERNA, SR. IS TO BRING WITH HIM FOR DEPOSITION ON FEBRUARY 8, 2001, PURSUANT TO PLAINTIFF'S SUBPOENA *DUCES TECUM*

Plaintiff, DANIEL McCARTHY, by and through his undersigned counsel, requests that Robert Odierna, Sr. produce and permit Plaintiff to inspect and copy the documents and tangible things hereinafter designated, within the time specified by the Federal Rules of Civil Procedure.

As used herein, the term "document" shall mean every writing of record of every type and description that is in the possession, custody, or control of Defendant, including, without limitation, correspondence, statements, affidavits, memoranda, stenographic and handwritten notes, diagrams, studies, publications, books, pamphlets, pictures, drawings and schematics of every type, film, voice recordings, audio tape recordings, maps, reports, surveys, minutes, telegrams, telexes, contracts, memoranda of agreement, diaries, graphs, checks, bank statements, income tax forms, other forms, microfilms, statistical computations, data processing cards, computer records and computer tapes and printouts or things similar to any of the foregoing; and every copy of such document where the original is not in the possession, custody, or control of

# EXHIBIT A

Defendant or Defendant's counsel. Any such document bearing on any sheet or side thereof, any marks such as (but not limited to) initials, stamped indicia, comments or notations, or any character not a part of the original text or photographic reproduction thereof, is to be considered and identified as a separate document.

This document request shall be deemed to be a continuing one, and it pertains to all documents discovered or found subsequent to the date of your response to this request for production. Any such documents discovered or found subsequent to the date of your response to this request for production, shall be produced upon appropriate notice to the undersigned attorneys.

For purposes of this Request for Documents, "you" or "your" refers to Robert Odierna, Sr.

**WHERE A CLAIM OF PRIVILEGE IS ASSERTED IN OBJECTING TO ANY DOCUMENT DEMAND, AND AN ANSWER IS NOT PROVIDED ON THE BASIS OF SUCH ASSERTION, PROVIDE THE INFORMATION REQUIRED BY LOCAL RULE 26.1.G.6(b).**

## DOCUMENTS TO BE PRODUCED

1.      Originals and/or copies of any and all financial statements prepared by or for you individually or jointly with others showing your financial condition, assets and liabilities, balance sheets, income statements, etc., prepared from January 1, 1997 to this date.

2.      All canceled checks, bank statements, and check stubs for all of your bank accounts held individually or jointly with others or accounts in which you have a beneficial interest for the years 1990 to date.

2

3.     Federal income tax returns filed by you solely or jointly with others, whether filed in individual capacities or as business entities or filed on behalf of any trust in which you have a beneficial interest, for the years 1997 to date, together with any and all written documents, notes, memoranda, lists, itemization schedules, exhibits, charts and attachments, or any other form of preserved communication including but not limited to, writings, books, tape recordings, and the like, relating to the preparation thereof.

(a)     In the event that you or any trust in which you have a beneficial interest have not filed an income tax return for years 1997 through the date of production, you are directed to produce all W-2 forms, K-1 forms, and/or other documentation of whatever kind or nature which would tend to fully disclose your income for such years and all deductions to which you may be entitled in filing same.

4.     State income tax returns filed by you solely or jointly with others, whether filed in individual capacities or as business entities or filed on behalf of any trust in which you have a beneficial interest, for the years 1997 to date, together with any and all written documents, notes, memoranda, lists, itemization schedules, exhibits, charts and attachments, or any other form of preserved communication including but not limited to, writings, books, tape recordings, and the like, relating to the preparation thereof.

(a)     In the event that you or any trust in which you have a beneficial interest have not filed an income tax return for years 1997 through the date of production, you are directed to produce all W-2 forms, K-1 forms, and/or other documentation of whatever kind or nature which would tend to fully disclose your income for such years and all deductions to which you may be entitled in filing same.

5.     State unemployment tax returns filed by you solely or jointly with others, whether filed in individual capacities or as business entities or filed on behalf of any trust in which you have a beneficial interest, for the years 1997 to date, together with any and all written documents, notes, memoranda, lists, itemization schedules, exhibits, charts and attachments, or

3

any other form of preserved communication including but not limited to, writings, books, tape recordings, and the like, relating to the preparation thereof.

6.    Any and all writings including but not limited to, books, records, and other documents evidencing any and all income from any source whatsoever received by you individually or jointly with others for the years 1997 to date.

7.    Any and all books, records, memoranda, and writings of any kind in any way related to monies received by you individually or jointly with others from any source for any reimbursement, dividend, interest, payment, or return on any investment received by you since January 1, 1997.

8.    Copies of any and all retirement and/or pension plans owned and/or participated in by you and the records showing your interest therein.

9.    Copies of any and all savings account books and/or statements for any and all accounts owned individually or jointly by you reflecting the balance of funds contained therein and all activity on such accounts from January 1, 1997.

10.    Copies of all W-2s, 1099s or other documents reflecting wages or other compensation paid by you to any workers, employees, agents, or consultants, from 1997 to date.

11.    Copies of any and all statements from stockbrokers or any other source which accurately reflect your stock holdings, whether directly, jointly or through trust, from January 1, 1997 through this date.

12.    Copies of any and all statements from any source evidencing dividends paid or accrued, or interest paid or accrued, to or on behalf of you individually or jointly, for the year 1997 to date.

13.    Any other personal, financial, business, and/or property records and all other papers which describe, summarize, or disclose the extent and nature of all financial interests, real and personal property and property rights owned by you, whether owned directly, jointly, or otherwise, whether tangible or intangible, from January 1, 1997 through the date of production.

14.   The deeds to all real property owned personally by you, whether such property is owned individually, jointly with any person and/or entity, or through trust.

15.   Lists of any and all corporate securities, stocks, or bonds owned by you, whether individually, jointly, or through trust, from January 1, 1997 through the date of production.

16.   Your records which set forth the names and addresses of all persons or business enterprises that are indebted to you, the amounts of such indebtedness and the basis of such debts owed to you.

17.   Your records which set forth the names and addresses of all persons or business enterprises to whom you are indebted (or to whom you were indebted at any time from 1997 to present) and the amounts of such indebtedness and the basis of such debts owed by you.

18.   All statements or passbooks with respect to all savings accounts, checking accounts, and savings and loan association share accounts owned by you.

19.   All checkbooks, bank statements, check registers or check stubs and cancelled checks with regard to any and all checking accounts owned by you from January 1, 1997 to date.

20.   Any and all corporate securities, stocks, or bonds owned by you.

21.   Accounts receivable ledgers or other records which set forth the names and addresses of all persons or business enterprises that are indebted to you, and the amounts of such indebtedness.

22.   Copies of all balance sheets, and profit and loss statements, prepared with regard to you or any business enterprise(s) in which you have an interest for the years 1997 to date.

23.   Any and all ledgers and journals which would fully disclose your financial condition for the years 1997 to date.

24.   All contracts, listing agreements, or other written understandings under which you are currently performing services and/or under which you claim any current or future right to any commissions, fees or other benefits.

25.   The title certificates, registration, certificates, bills of sale, and other evidences of ownership with respect to any of the following described personal property owned by you:

5

    (a)    motor vehicles of any type;

    (b)    commercial, business, or construction equipment of any type;

    (c)    boats, launches, cruisers, or other vessels of any type; and

    (d)    inventory.

26.    Your corporate minute books, minutes, articles of incorporation and amendments thereto, and stock certificate books, or those of any business enterprise(s) in which you have an interest.

27.    Any and all papers which may have been filed with regard to any dissolution of your business enterprise(s), bankruptcy, reorganization, or sale of your business enterprise(s) or any substantial part thereof, from 1997 to date.

28.    Any and all shareholder agreements, partnerships agreements, and/or joint venture agreements of any business enterprise(s) in which you have an interest.

29.    All loan applications, including supporting financial statements or financial disclosure, promissory notes or other evidence of debt incurred by you, from January 1, 1997 to date.

30.    All statements of account and individual charge slip records for all credit cards and any other charge accounts which you have maintained from January 1, 1997 to date.

31.    Any written lease under which you possessed property during the years 1997 to date.

32.    A list of all personalty owned by you, whether such property is owned individually, jointly with any other person, or through trust, together with its present market value, including but not limited to, works of art, precious metals, jewelry, automobiles, aircraft, watercraft, certificates of deposit, bonds, notes, stocks, household goods, furniture, household stores and ornaments and the location of each item.

33.    A list of all cash (currency) on hand, including that located in various financial institutions, and a statement of the amount of any cash and the location of any cash.

34.    Copies of all contracts on which you, or any business enterprise(s) in which you have an interest, are now performing services or rendering materials, or upon which anyone is indebted to you for services or materials already furnished.

35.    Copies of any intangible tax returns filed with the State of Florida for the past five (5) years in your name or by any corporation in which you have held any interest.

36.    All insurance policies insuring loss to any property, real or personal, in which you have held any interest since January 1, 1997.

37.    All documents concerning all safe deposit boxes owned by you solely or with any other person or corporation and/or to which you have had access at any time since January 1, 1997.

38.    All minutes of meetings of corporate directors, officers, or shareholders from any corporation in which you have held an interest from inception to date.

39.    All articles of incorporation (and any amendments thereto) of any corporation in which you have held an interest from inception to date.

40.    All corporate resolutions of any corporation in which you have held an interest from inception to date.

41.    All records of shareholder elections of any corporation in which you have held an interest from inception to date.

42.    All certificates of stock issued of any corporation in which you have held an interest, or if none have been issued to date, copies of all ledgers or capital accounts showing the names of all stockholders and the extent of their interests.

43.    All ledgers or other books of record showing the dates, sources and amounts of all capital contributions made to any corporation in which you have held an interest.

44.    All financial statements, balance sheets, profit and loss statements, income statements, or any other documents showing the financial status of any corporation in which you have held an interest from inception to date.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6013-CIV-GOLD/SIMONTON

DANIEL MCCARTHY,

       Plaintiff,

v.

U.S.A. PROTECTION, INC., formerly
known as R.A. SECURITY SYSTEMS,
INC., a Florida corporation,

       Defendant.

_____/

### LIST OF DOCUMENTS THAT ROBERT ODIERNA, JR. IS TO BRING WITH HIM FOR DEPOSITION ON FEBRUARY 8, 2001, PURSUANT TO PLAINTIFF'S SUBPOENA *DUCES TECUM*

      Plaintiff, DANIEL McCARTHY, by and through his undersigned counsel, requests that Robert Odierna, Jr. produce and permit Plaintiff to inspect and copy the documents and tangible things hereinafter designated, within the time specified by the Federal Rules of Civil Procedure.

      As used herein, the term "document" shall mean every writing of record of every type and description that is in the possession, custody, or control of Defendant, including, without limitation, correspondence, statements, affidavits, memoranda, stenographic and handwritten notes, diagrams, studies, publications, books, pamphlets, pictures, drawings and schematics of every type, film, voice recordings, audio tape recordings, maps, reports, surveys, minutes, telegrams, telexes, contracts, memoranda of agreement, diaries, graphs, checks, bank statements, income tax forms, other forms, microfilms, statistical computations, data processing cards, computer records and computer tapes and printouts or things similar to any of the foregoing; and every copy of such document where the original is not in the possession, custody, or control of

# EXHIBIT A

Defendant or Defendant's counsel. Any such document bearing on any sheet or side thereof, any marks such as (but not limited to) initials, stamped indicia, comments or notations, or any character not a part of the original text or photographic reproduction thereof, is to be considered and identified as a separate document.

This document request shall be deemed to be a continuing one, and it pertains to all documents discovered or found subsequent to the date of your response to this request for production. Any such documents discovered or found subsequent to the date of your response to this request for production, shall be produced upon appropriate notice to the undersigned attorneys.

For purposes of this Request for Documents, "you" or "your" refers to Robert Odierna, Jr.

**WHERE A CLAIM OF PRIVILEGE IS ASSERTED IN OBJECTING TO ANY DOCUMENT DEMAND, AND AN ANSWER IS NOT PROVIDED ON THE BASIS OF SUCH ASSERTION, PROVIDE THE INFORMATION REQUIRED BY LOCAL RULE 26.1.G.6(b).**

## <u>DOCUMENTS TO BE PRODUCED</u>

1.      Originals and/or copies of any and all financial statements prepared by or for you individually or jointly with others showing your financial condition, assets and liabilities, balance sheets, income statements, etc., prepared from January 1, 1997 to this date.

2.      All canceled checks, bank statements, and check stubs for all of your bank accounts held individually or jointly with others or accounts in which you have a beneficial interest for the years 1990 to date.

any other form of preserved communication including but not limited to, writings, books, tape recordings, and the like, relating to the preparation thereof.

6.    Any and all writings including but not limited to, books, records, and other documents evidencing any and all income from any source whatsoever received by you individually or jointly with others for the years 1997 to date.

7.    Any and all books, records, memoranda, and writings of any kind in any way related to monies received by you individually or jointly with others from any source for any reimbursement, dividend, interest, payment, or return on any investment received by you since January 1, 1997.

8.    Copies of any and all retirement and/or pension plans owned and/or participated in by you and the records showing your interest therein.

9.    Copies of any and all savings account books and/or statements for any and all accounts owned individually or jointly by you reflecting the balance of funds contained therein and all activity on such accounts from January 1, 1997.

10.    Copies of all W-2s, 1099s or other documents reflecting wages or other compensation paid by you to any workers, employees, agents, or consultants, from 1997 to date.

11.    Copies of any and all statements from stockbrokers or any other source which accurately reflect your stock holdings, whether directly, jointly or through trust, from January 1, 1997 through this date.

12.    Copies of any and all statements from any source evidencing dividends paid or accrued, or interest paid or accrued, to or on behalf of you individually or jointly, for the year 1997 to date.

13.    Any other personal, financial, business, and/or property records and all other papers which describe, summarize, or disclose the extent and nature of all financial interests, real and personal property and property rights owned by you, whether owned directly, jointly, or otherwise, whether tangible or intangible, from January 1, 1997 through the date of production.

14.     The deeds to all real property owned personally by you, whether such property is owned individually, jointly with any person and/or entity, or through trust.

15.     Lists of any and all corporate securities, stocks, or bonds owned by you, whether individually, jointly, or through trust, from January 1, 1997 through the date of production.

16.     Your records which set forth the names and addresses of all persons or business enterprises that are indebted to you, the amounts of such indebtedness and the basis of such debts owed to you.

17.     Your records which set forth the names and addresses of all persons or business enterprises to whom you are indebted (or to whom you were indebted at any time from 1997 to present) and the amounts of such indebtedness and the basis of such debts owed by you.

18.     All statements or passbooks with respect to all savings accounts, checking accounts, and savings and loan association share accounts owned by you.

19.     All checkbooks, bank statements, check registers or check stubs and cancelled checks with regard to any and all checking accounts owned by you from January 1, 1997 to date.

20.     Any and all corporate securities, stocks, or bonds owned by you.

21.     Accounts receivable ledgers or other records which set forth the names and addresses of all persons or business enterprises that are indebted to you, and the amounts of such indebtedness.

22.     Copies of all balance sheets, and profit and loss statements, prepared with regard to you or any business enterprise(s) in which you have an interest for the years 1997 to date.

23.     Any and all ledgers and journals which would fully disclose your financial condition for the years 1997 to date.

24.     All contracts, listing agreements, or other written understandings under which you are currently performing services and/or under which you claim any current or future right to any commissions, fees or other benefits.

25.     The title certificates, registration, certificates, bills of sale, and other evidences of ownership with respect to any of the following described personal property owned by you:

(a)     motor vehicles of any type;

(b)     commercial, business, or construction equipment of any type;

(c)     boats, launches, cruisers, or other vessels of any type; and

(d)     inventory.

26.     Your corporate minute books, minutes, articles of incorporation and amendments thereto, and stock certificate books, or those of any business enterprise(s) in which you have an interest.

27.     Any and all papers which may have been filed with regard to any dissolution of your business enterprise(s), bankruptcy, reorganization, or sale of your business enterprise(s) or any substantial part thereof, from 1997 to date.

28.     Any and all shareholder agreements, partnerships agreements, and/or joint venture agreements of any business enterprise(s) in which you have an interest.

29.     All loan applications, including supporting financial statements or financial disclosure, promissory notes or other evidence of debt incurred by you, from January 1, 1997 to date.

30.     All statements of account and individual charge slip records for all credit cards and any other charge accounts which you have maintained from January 1, 1997 to date.

31.     Any written lease under which you possessed property during the years 1997 to date.

32.     A list of all personalty owned by you, whether such property is owned individually, jointly with any other person, or through trust, together with its present market value, including but not limited to, works of art, precious metals, jewelry, automobiles, aircraft, watercraft, certificates of deposit, bonds, notes, stocks, household goods, furniture, household stores and ornaments and the location of each item.

33.     A list of all cash (currency) on hand, including that located in various financial institutions, and a statement of the amount of any cash and the location of any cash.

34.    Copies of all contracts on which you, or any business enterprise(s) in which you have an interest, are now performing services or rendering materials, or upon which anyone is indebted to you for services or materials already furnished.

35.    Copies of any intangible tax returns filed with the State of Florida for the past five (5) years in your name or by any corporation in which you have held any interest.

36.    All insurance policies insuring loss to any property, real or personal, in which you have held any interest since January 1, 1997.

37.    All documents concerning all safe deposit boxes owned by you solely or with any other person or corporation and/or to which you have had access at any time since January 1, 1997.

38.    All minutes of meetings of corporate directors, officers, or shareholders from any corporation in which you have held an interest from inception to date.

39.    All articles of incorporation (and any amendments thereto) of any corporation in which you have held an interest from inception to date.

40.    All corporate resolutions of any corporation in which you have held an interest from inception to date.

41.    All records of shareholder elections of any corporation in which you have held an interest from inception to date.

42.    All certificates of stock issued of any corporation in which you have held an interest, or if none have been issued to date, copies of all ledgers or capital accounts showing the names of all stockholders and the extent of their interests.

43.    All ledgers or other books of record showing the dates, sources and amounts of all capital contributions made to any corporation in which you have held an interest.

44.    All financial statements, balance sheets, profit and loss statements, income statements, or any other documents showing the financial status of any corporation in which you have held an interest from inception to date.