UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6013-CIV-GOLD/SIMONTON

DANIEL MCCARTHY,

    Plaintiff,

v.

U.S.A. PROTECTION, INC., formerly
known as R.A. SECURITY SYSTEMS,
INC., a Florida corporation,

    Defendant.
_____/



## REPLY IN SUPPORT OF MOTION
## FOR PROTECTIVE ORDER

Robert Odierna, Jr., through his undersigned attorneys files this Reply In Support Of His Motion For Protective Order, and states:

### PLAINTIFF'S RESPONSE DEMONSTRATES ODIERNA'S
### RIGHT TO PROTECTION

Plaintiff's Response to the Motion For Protective Order is inaccurate and fails to provide adequate grounds for denying the Motion. Rather, by his response in opposition, Plaintiff demonstrates the need for the protection Odierna, Jr., seeks.

Plaintiff's assertion that Odierna Jr. has sought to avoid the taking of a deposition is flatly incorrect. Plaintiff is fully aware that the Motion For Protective Order deals solely with Odierna Jr.'s private and confidential financial records. Plaintiff also maintains that Odierna Jr. was an

officer, director, as well as a shareholder of U.S.A. PROTECTION, INC. (the "corporation"), despite the fact that Odierna Jr. never owned stock nor held any such title with the corporation. Plaintiff's Response 2. Finally, Plaintiff claims that it is entitled to Odierna Jr.'s financial information in order to satisfy the judgment, but Odierna Jr. was not a party to the underlying case and cannot be obligated to satisfy the judgment absent an independent action that names him as a defendant. Plaintiff's Response 1.

## MEMORANDUM OF LAW

Mr. Odierna seeks this Court's protection from disclosure of confidential personal financial information in case in which he is not a party and where a default judgment was entered against a corporation in which Mr. Odierna was not a shareholder, officer or director.[1] Plaintiff, not disputing that Odierna, Jr. was neither a party or officer, director, or shareholder, instead argues that he seeks discovery and order to "hold Odierna" and his wife, personally liable for the judgment entered against R.A. Security Systems, Inc.

That Plaintiff seeks to "hold" Mr. Odierna liable for a judgment arising from an action in which Mr. Odierna is not a party underscores the need to provide protection to Mr. Odierna in this proceeding.

One is not bound by a judgment resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process. E.B. Elliott Adv. Co. v. Metropolitan Dade County, 425 F.2d 1141 (5th Cir. 1970); S.E.C. v. Seahawk Deep Ocean Technology, Inc., 74 F. Supp. 2d 1188 (M.D. Fla. 1999). A final judgment cannot bind a party

---

[1] Plaintiff's response alleges, at Pages 1-2, that Odierna seeks to avoid having his deposition taken That proposition is flatly false, as Odierna, at Page 3 of his Motion acknowledges Plaintiff's right to his testimony; it is improper disclosure of confidential information which he seeks to avoid.

where that party's interests were not represented at trial. <u>Heller v. Plave</u>, 743 F. Supp. 1553 (S.D. Fla. 1990). Since Odierna Jr. was not a named party in the lawsuit nor in the judgment against the corporation and did not have the opportunity to defend himself, Plaintiff has no legal basis for prying into Odierna Jr.'s private finances.

Plaintiff's alleged basis for such novel proposition - to "hold" someone liable for a judgment without ever commencing a proceeding against that person - is that Mr. Odierna "functioned" as an officer, director and/or shareholder. Neither Florida nor federal law provide for such a remedy at all, let alone through post-judgment discovery in a case in which the proposed liable person is not even a party. If Plaintiff wishes to "hold" Mr. Odierna liable upon a judgment he must first commence an action and have a court so determine. Plaintiff cannot accomplish that goal through discovery of the target's finances prior to commencing litigation. Plaintiff's proposition seems to be that if Mr. Odierna has any assets, he is therefor liable to Plaintiff. Notably, Plaintiff's discovery request does not even attempt to limit the inquiry to assets received upon dissolution of the corporate defendant, which might be appropriate under § 607.1406, Fla. Stat., but rather seeks wholesale disclosure of personal financial information. Such fishing expedition is inappropriate.

If Plaintiff seeks to enforce his judgment against non-party, Odierna, the law provides a proper method to do so. Plaintiff is not entitled to first take asset discovery to see if it is worth so doing.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Robert Odierna, Jr., respectfully requests this Honorable Court grant an Order quashing the duces tecum portion of the subpoena for deposition

directed to him, and providing such other and further relief as this Honorable Court deems just.

GUNSTER, YOAKLEY & STEWART, P.A.
Attorneys for Robert Odierna, Jr.
Suite 3400, One Biscayne Tower
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 376-6000

By: _____
  Raymond V. Miller, Esq.
  Fla. Bar No. 328901

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing Motion for Protective Order and Incorporated Memorandum of Law was furnished by facsimile and U.S. Mail this ___2___ day of March, 2001 to Loring N. Spolter, P.A., 2455 East Sunrise Boulevard, Suite 807, Fort Lauderdale, Florida 33304.

GUNSTER, YOAKLEY & STEWART, P.A.
Suite 3400, One Biscayne Tower
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 376-6000

By: _____
  Raymond V. Miller, Esq.
  Fla. Bar No. 328901