UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6013-CIV-GOLD/SIMONTON

DANIEL MCCARTHY,

    Plaintiff,

vs.

U.S.A. PROTECTION, INC., formerly
known as R.A. SECURITY SYSTEMS,
INC., a Florida corporation,

    Defendant.
_____/



## REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTIONS FOR ATTORNEY'S FEES AND COSTS BE GRANTED BY DEFAULT

Presently pending before this Court are Plaintiff's Verified Motion To Tax Costs, filed December 4, 2000 (DE #27), and Plaintiff's Verified Motion For Attorney's Fees, filed December 4, 2000 (DE #287). These motions have been referred to the undersigned United States Magistrate Judge.

Defendant has not responded to Plaintiff's Motions and the last day to serve a response was December 18, 2000. Pursuant to Local Rule 7.1 C., Plaintiffs' Motions should be granted by default.

Moreover, Plaintiff's Motions are meritorious. Plaintiffs sued Defendants for unpaid overtime pay, holiday pay and earned vacation time under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. (DE #1). On May 31, 2000, the District Court entered a default judgment against Defendant on liability. On November 6, 2000, the District Court entered a final judgment against Defendant

in the amount of Fourteen Thousand Two Hundred Sixty-Seven Dollars and Seventy-Six Cents ($14,267.76), and retained jurisdiction to entertain motions for attorney's fees and costs (DE #26).

Plaintiff, as the prevailing party, is entitled to costs, pursuant to 28 U.S.C. § 1920.  Plaintiff should therefore be awarded his requested costs, totaling One Hundred Ninety-Five Dollars ($195.00).

29 U.S.C. § 216(b) provides that a court must award a reasonable attorney's fee to a prevailing plaintiff.  Plaintiff, is the prevailing party and is therefore entitled to a reasonable attorney's fee.  Plaintiff should also be awarded attorney's fees of Eight Thousand Seven Hundred Fifty Dollars ($8,750.00), representing thirty-five hours of work at Two Hundred Fifty Dollars ($250.00) an hour.

Plaintiff's request for an enhancement of twenty-five percent of his fee, Two Thousand One Hundred Eighty-Seven Dollars and Fifty Cents ($2,187.50), should be denied.  Plaintiff argues primarily that he should receive an enhancement because he has not yet been paid in this case.  However, there was no unreasonable delay in payment in this case, which was filed on January 5, 2000.  Moreover, Plaintiff's counsel cannot be surprised at the delay in payment, as he took the case on a contingency fee basis (Ex. 4 to DE #28).  In any case, as Plaintiff points out, courts usually compensate for any extended delay in payment by basing an attorney fee award on current hourly rates.  Missouri v. Jenkins by Agyei, 491 U.S. 274, 283 (1989); Camden I Condominium Association, Inc. v. Dunkle, 946 F.2d 768, 775, fn 7 (11th Cir. 1991).  Plaintiff here is receiving an

attorney fee award based upon his attorney's current hourly rates. Therefore, no enhancement is warranted.

Therefore, after a careful review of the record, this Court does hereby

**RECOMMEND** that Plaintiff's Verified Motion To Tax Costs, filed December 4, 2000 (DE #27), be **GRANTED**, in the amount of One Hundred Ninety-Five Dollars ($195.00). It is further

**RECOMMENDED** that Plaintiff's Verified Motion For Attorney's Fees, filed December 4, 2000 (DE #287), be **GRANTED in part and DENIED in part**, awarding Plaintiff attorney's fees of Eight Thousand Seven Hundred Fifty Dollars ($8,750.00), and denying Plaintiff's request for an enhancement of Two Thousand One Hundred Eighty-Seven Dollars and Fifty Cents ($2,187.50), for a total award of Eight Thousand Nine Hundred Forty-Five Dollars ($8,945.00).

Pursuant to S. D. Fla. Magistrate Judge Rule 4(b), the parties shall have ten days from the service of this Report and Recommendation to file written objections to this Report and Recommendation. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);

<u>LoConte v. Dugger</u>, 847 F.2d 745 (11th Cir.), <u>cert</u>. <u>denied</u>, 488 U.S. 958 (1988).

**DONE** at Miami, Florida, this 15th day of March, 2001.

*[signature]*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Alan S. Gold,
   United States District Judge
Loring N. Spolter, Esq.
   2455 E. Sunrise Boulevard, Suite 807
   Fort Lauderdale, Florida 33304
   (Attorney for Plaintiff)
Rod Steadman, Registered Agent
   U.S.A. Protection, Inc.
   19371 S.W. 118th Ct.
   Miami, Florida 33177