UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6013-CIV-GOLD

DANIEL MCCARTHY,

    Plaintiff,

vs.

U.S.A. PROTECTION, INC., formerly
known as R.A. SECURITY SYSTEMS,
INC., a Florida corporation,

    Defendant.
_____/



## ORDER DENYING MOTION FOR PROTECTIVE ORDER

This matter is before the Court on third-party witness Robert Odierna, Jr.'s Motion for Protective Order, filed February 8, 2001 (DE #29). The Honorable Alan S. Gold has referred this motion to the undersigned Magistrate Judge. Plaintiff has responded (DE #30), and Odierna has replied (DE #31). This motion is now ripe for disposition. Based upon a review of the materials in this case, and for the reasons set forth below, this Court has determined that the Motion for Protective Order should be denied.

1. **Background**

This matter arises from a subpoena duces tecum which was served by Plaintiff on witness Robert Odierna, Jr., in aid of execution of a judgment which Plaintiff has obtained against Defendant U.S.A. Protection Systems, formerly known as R.A. Security Systems, Inc. On November 6, 2000, Plaintiff obtained a

default judgment for Twenty Eight Thousand Five Hundred Thirty-Five Dollars and Fifty-Two Cents ($28,535.52), in an action based on Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (DE #26). The events which formed the basis for this lawsuit occurred between October 1997 and December 1997 and between June 1998 and September 1999.

Robert Odierna, Jr. states that he has never been a director, officer or shareholder of U.S.A. Protection, Inc. or R.A. Security Systems (Affidavit of Robert Odierna, Jr., attached to DE #29). Plaintiff states that Robert Odierna, Jr. and his wife, Mai-Lyn Kozlowski, ran the day to day operations of R.A. Security Systems from October 1997 through December 1997 and from June 1998 through September 1999. Plaintiff also states that Robert Odierna, Jr. functioned as chief executive officer of R.A. Security, and commingled his personal funds with R.A. Security's finances (Affidavit of Daniel McCarthy, attached to DE #30).

2. <u>The Robert Odierna, Jr. Subpoena Duces Tecum</u>

On December 13, 2000, Plaintiff served a notice of deposition and subpoena duces tecum for the deposition of Robert Odierna, Jr. This subpoena called for the production of essentially all of Robert Odierna, Jr.'s financial records from the period January 1, 1997, to the present. Following service of this subpoena, Robert Odierna, Jr. filed the instant Motion for Protective Order (DE #29).

Robert Odierna, Jr. objects both to the deposition and the production of documents. He objects to the production of documents on the grounds that the

request is broad, intrusive and burdensome, and because he is not a party to the litigation.

To support his Motion for Protective Order, Robert Odierna, Jr. has provided an affidavit stating he has never been a director, officer or shareholder of U.S.A. Protection, Inc. or R.A. Security Systems (Affidavit of Robert Odierna, Jr., attached to DE #29).

Plaintiff, on the other hand, contends that he is entitled to explore the financial affairs of Robert Odierna, Jr. because from October 1997 through December 1997 and from June 1998 through September 1999, the period during which Plaintiff was employed by Defendant, Robert Odierna, Jr. functioned as chief executive officer of R.A. Security, and Odierna and his wife, Mai-Lyn Kozlowski, ran the day to day operations of R.A. Security Systems during that period. Plaintiff also states that Robert Odierna, Jr., commingled his personal funds with R.A. Security's funds. Plaintiff has supported his opposition to the present Motion with an affidavit which recites various specific instances of this conduct. For example, Plaintiff's affidavit sets out many specific instances of Robert Odierna, Jr. acting as the chief executive officer of R.A. Security, as well as four occasions where Plaintiff observed Robert Odierna Jr. intermingling his personal funds with the company's funds.

3. <u>The Legal Basis for Enforcing the Subpoena</u>

Federal Rule of Civil Procedure 69(a) permits a judgment creditor to "obtain discovery from any person, including the judgment debtor, in the manner

provided" for discovery in the Federal Rules of Civil Procedure, or under state procedures. This right of discovery must be construed in a sufficiently broad fashion to permit the judgment creditor to explore fully the financial dealings of the debtor and to uncover assets which may have been concealed to avoid collection. See Credit Lyonnais, S.A. v. SGC Int'l, Inc., 160 F.3d 428, 430-31 (8th Cir. 1998) (granting discovery in aid of execution of personal financial records of third party where plaintiff made threshold showing of necessity and relevance); Trustees of North Florida Operating Engineers Health & Welfare Fund v. Lane Crane Service, Inc., 148 F.R.D. 662, 664 (M.D. Fla. 1993) (evidence that third party was alter ego of judgment debtor was sufficient to warrant discovery from third party in aid of execution); compare with National Union Fire Insurance Co. v. Waeyenberghe, 148 F.R.D. 256 (D. Ind. 1993); Blaw Knox Corp. v. AMR Industries, Inc., 130 F.R.D. 400 (E.D. Wis. 1990) (recognizing broad discovery, but denying discovery of personal records of third parties where plaintiff failed to make threshold showing of necessity and relevance).

  The above-cited cases establish that in the context of discovery from third parties, the court must balance the legitimate privacy interests of third parties against the need of the judgment creditor to explore possible concealment of assets by the debtor. Thus, the judgment creditor must make some showing that there is a sufficient relationship between the personal affairs of the third party and the judgment creditor.

  Based upon a thorough review of the materials submitted by both parties,

this Court concludes that Plaintiff has made the requisite showing. Robert Odierna, Jr. has not denied that he acted as the chief executive officer of R.A. Security Company and, that he, with his wife, ran the day to day operations of R.A. Security Company. He has merely stated that he was not actually a stockholder, director or officer of R.A. Security Company. Robert Odierna, Jr. has not denied that he commingled his funds with the funds of R.A. Security Company. Robert Odierna, Jr. has not controverted the assertion that his father, Robert Odierna, Sr. acted as the chairman of the board of R.A. Security Company. Therefore, Plaintiff has provided evidence of a close business and financial relationship between the debtor and the deponent.

The undersigned Magistrate Judge rejects the claim that the production of the requested documents is unduly burdensome, as the deponent has made only a conclusory statement in this regard without providing any factual support. However, the undersigned Magistrate Judge recognizes the privacy interests of Robert Odierna, Jr., and upon an appropriate motion will enter a confidentiality order which protects these interests.

Based upon the foregoing analysis, this Court does hereby

**ORDER AND ADJUDGE** that the Motion for Protective Order filed February 8, 2001 by Robert Odierna, Jr. (DE #29), is **DENIED**. The deposition of Robert Odierna, Jr. and the production of the requested documents shall take

place on or before April 27, 2001.

**DONE AND ORDERED** in Miami, Florida, on this 29th day of March, 2001.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Alan S. Gold
   United States District Judge
Loring N. Spolter, Esq.
   2455 E. Sunrise Boulevard, Suite 807
   Fort Lauderdale, Florida 33304
   (Attorney for Plaintiff)
Raymond V. Miller, Esq.
   Gunster, Yoakley & Stewart, P.A.
   Suite 3400, One Biscayne Tower
   2 South Biscayne Boulevard
   Miami, Florida 33131
   (Attorney for Robert Odierna, Jr.)