UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6013-CIV-GOLD/SIMONTON

DANIEL MCCARTHY,

    Plaintiff,

v.

U.S.A. PROTECTION, INC., formerly
known as R.A. SECURITY SYSTEMS,
INC., a Florida corporation,

    Defendant.
_____/



## PLAINTIFF'S RESPONSE TO MOTION FOR EXTENSION OF TIME TO COMPLY WITH THE SUBPOENA DUCES TECUM

Plaintiff, DANIEL MCCARTHY ("McCarthy"), through his undersigned attorneys, files this Response to Motion for Extension of Time to Comply with the Subpoena Duces Tecum, and states:

### BACKGROUND

This is a wage and hour case arising out of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* On November 6, 2000, the Court issued a Final Judgment in McCarthy's favor for $28,535.52. The Defendant, which was a family owned business, defaulted. McCarthy now seeks to hold Robert Odierna Jr. and his wife Mai-Lyn Kozlowski personally liable for the judgment, because they ran the day-to-day operations of the Defendant, and therefore functioned as officer, directors, and/or shareholders of the Defendant.

To further holding Odierna Jr. and his wife personally liable, McCarthy served a subpoena *duces tecum* on Odierna Jr. seeking to have Odierna Jr. bring his personal financial



documents with him so that undersigned counsel could review them and question him about them. Odierna Jr. filed a Motion for Protective Order seeking to stop the taking of any deposition or production of Odierna Jr's financial information.

This Court denied Odierna Jr.'s Motion for Protective Order, and ordered him to make himself available for deposition with the documents which were the subject of the subpoena no later than April 27, 2001. It is now well-passed April 27, 2001, and Odierna Jr. refuses to comply with this Court's Order. Accordingly, he should be held in contempt of Court, and fined $100.00 per day, until he submits himself for deposition with the documents sought in the subpoena.

## MEMORANDUM OF LAW

### I.   ODIERNA JR. SHOULD NOT BE GIVEN MORE TIME

Odierna represents in his Motion that he needs an extension of time until May 11, 2001, and then he will produce the documents in question, and submit to deposition. May 11, 2001 has come and gone, and still no documents, and no deposition. Therefore, it is obvious that Odierna's instant Motion (which indicates that he is seeking new counsel, a time-honored ploy to stall for more time) was to delay.

Odierna's counsel represents that undersigned counsel agreed to a postponement of 7 days (from April 27, 2001 to take the deposition). That is not entirely true. Undersigned counsel informed Odierna's counsel that he (nor Odierna's counsel) have the power to unilaterally decide to modify a Court Order without first asking the Court. Undersigned counsel informed Odierna's counsel that he would file a motion to hold Odierna in contempt of Court or for sanctions until seven days had elapsed.

It is obvious from the motion practice before the Court on this issue that Odierna Jr. is not going to abide by this Court's Orders absent a finding of civil contempt coupled with a *per diem* fine to purge the contempt. If such contempt is not successful, the Court may have to adjudge Odierna Jr. in criminal contempt.

It is inexcusable for Odierna Jr. to fail to abide by this Court's clear orders, as the subpoena at issue is months old. It is also inexcusable that Odierna Jr. failed to meet his own self-imposed deadline of May 11, 2001 to make himself amenable to deposition with the appropriate documents. Thus, this Court should adjudge Odierna Jr. in contempt of Court, and should him $100.00 per day starting retroactively to April 27, 2001, and continuing until he abides by this Court's clear orders.

## CONCLUSION

Based on the foregoing, McCarthy respectfully requests that this Court deny Odiern Jr.'s Motion for Extension of Time, and hold Odierna Jr. in contempt of Court, and fine him $100.00 per day until he makes himself amenable for deposition with the documents ought by McCarthy.

Attorney for the Plaintiff
Loring N. Spolter, P.A.
International Building
2455 E. Sunrise Blvd.
Suite 807
Fort Lauderdale, FL 33304
Tel. (954) 728-3494
Fax (954) 563-2252

By: _____
Loring N. Spolter, Esq.
Fla. Bar No. 864196

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing had been duly furnished by U.S. mail to: Rod Steadman, Registered Agent of the above-named Defendant, 19371 S.W. 118th Court, Miami, Florida 33177, Robert Odierna, Sr. or Jr., c/o Go Wireless, 3399 N.W. 72nd Avenue, Suite 201, Miami, Florida 33179, and Raymond Miller, Esq., Gunster, Yoakley, Stewart, P.A., Suite 3400, One Biscayne Tower, 2 South Biscayne Boulevard, Miami, Florida 33131, this _____ day of May, 2001.

By: _____
Loring N. Spolter, Esq.
Fla. Bar No. 864196