UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6013-CIV-GOLD/SIMON

DANIEL MCCARTHY,

    Plaintiff,

v.

U.S.A. PROTECTION INC., formerly
Known as R.A. SECURITY SYSTEMS,
INC., a Florida corporation,

    Defendant.
_____/

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

Pursuant to Fed.R.Civ.P. 37, Plaintiff, DANIEL MCCARTHY ("McCarthy") moves for sanctions against the Alter Ego of Defendant, Robert Odierna, Jr., for discovery abuses and states:

1.    Plaintiff obtained a default final judgment on November 6, 2000, against the defendant for violations of the Fair Labor Standards Act, 29 U.S.C §201 in the amount of $28,535.52.

2.    On February 8, 2001, Plaintiff served a notice of deposition and subpoena duces tecum on Robert Odierna, Jr. to appear for deposition on February 8, 2001. Mr. Odierna filed a motion for a protective order quashing the notice of deposition served on him and prohibiting the Plaintiff from going forward with the examination. The Court denied the Motion, recognizing that in post-judgment proceedings, Fed. R. Civ. P. 69(a) allows discovery from any person in the matter provided for discovery under the Rules of Civil Procedure. It also balanced the

legitimate privacy issues of a third party with a judgment creditor's ability to explore the location of assets. The Court indicated that upon an appropriate motion, it would enter a confidentiality order to protect the privacy interests of Mr. Odierna.

3. Thereafter, because of the volume of financial documents, it was agreed that Mr. Odierna would produce the documents at his attorney's office where the Plaintiff could review them and mark those for copying. This production was scheduled for June 12, 200 at the office of his attorney in south Miami.

4. Late on the afternoon of June 11, 2001, Mr. Odierna's attorney, the day before the deposition date, Steven Naturman, faxed a Stipulation Regarding Confidentiality, attached hereto as Exhibit "1", to the Plaintiff's attorney for his perusal, approval and signature.

5. The undersigned took objection to the inclusion in the agreement of the condition that:

> "the information shall not be disclosed in any manner except by further Court order. Any documents which McCarthy believes the Court needs to see to determine issues shall be filed only under seal to be reviewed in camera."

The undersigned faxed back the agreement with that condition crossed out. However, Mr. Naturman would not agree to delete this provision. While, Mr. Naturman allowed the Plaintiff to review the documents and mark those he desired, he would not permit them to be photocopied.

6.. During the period he was employed by the Defendant, McCarthy contends that Mr. Odierna functioned as chief executive officer while his wife Mai-Lyn Kozlowski ran the day to day operations. McCarthy believes their personal financial records would reveal information needed to uncover assets of the Defendant which may have been concealed or misappropriated when the business was dissolved. However, keeping these documents placed under seal, and requiring a Court order to disclose the information would prove unduly

burdensome both on the Plaintiff and the Court. Each and every time the Plaintiff scheduled a deposition of an individual concerning these financial matters, permission of the Court would have to be obtained.

Moreover, McCarthy does not desire that the documents be filed under seal as they are placed in the Court's vault and are identified in the document only as "SEALED DOCUMENT placed in vault." Accordingly, there is no way to cite those documents, and the ramifications to filing documents under seal could negatively affect McCarthy and to which he therefore cannot agree.

7. Plaintiff recognizes that a confidentiality agreement is appropriate, and agreed to the stipulation provided by Mr. Odierna with the offensive parts offensive removed, attached hereto as Exhibit "2. The documents requested are vital to the Plaintiff in his discovery process, and until this matter is resolved, Plaintiff is unable to proceed further.

8. Plaintiff objects to the fact that Mr. Naturman waited until the <u>eleventh</u> hour to present a confidentiality agreement knowing that the production was scheduled for the following morning. Additionally, Plaintiff was not informed until that meeting that some of the items requested on the subpoena had (1) been reportedly destroyed in a warehouse flood, and (2) reportedly been stolen by a employee of his accountant. Plaintiff can not help but question the cooperation of Mr. Odierna and his attorney especially since the Court had ordered that this deposition go forward and that the requested documents be provided.

WHEREFORE, the PLAINTIFF, DANIEL MCCARTHY, respectfully request this Court to enter an order holding that the Stipulation Regarding Confidentiality be adopted for this matter without the condition that "the information shall not be disclosed in any manner except by further Court order. Any documents which McCarthy believes the Court needs to see to

determine issues shall be filed only under seal to be reviewed in camera", an Order compelling immediate production of those documents requested by the Plaintiff upon the parties signing the stipulation, and a list of those documents either stolen or lost and a reasonable explanation for their disappearance, for all costs and attorney's fees incurred with this Motion; and for any and all sanctions deemed appropriate by this Court.

Respectfully submitted,

LORING N. SPOLTER, ESQ.
LORING SPOLTER, P.A.
Attorney for Plaintiff
International Building
2455 E. Sunrise Blvd. Suite 807
Fort Lauderdale, FL 333304
Tel:   (954)728-3494
Florida Bar No. 0864136

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail and Facsimile to Steven H. Naturman, 9500 South Dadeland Boulevard, Ste. 610, Miami, Florida 33156, Facsimile 305-670-8355 on this 25 day of July, 2001.

LORING N. SPOLTER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6013-CIV-GOLD/SIMONTON

DANIEL MCCARTHY,

    Plaintiff,

vs.

U.S.A. PROTECTION, INC., f/k/a
R.A. SECURITY SYSTEMS, INC.,
a Florida Corporation,

    Defendant.
_____/

### STIPULATION REGARDING CONFIDENTIALITY

The plaintiff, Daniel McCarthy ("McCarthy") and the non-party witness, Robert Odierna, Jr. ("Odierna"), by and through their respective counsel, hereby stipulate to the following matters concerning the use and confidentiality of certain information to be disclosed pursuant to a subpoena duces tecum in aid of execution.

WHEREAS, Odierna is producing certain personal and non-party business records (the "Records") pursuant to subpoena; and

WHEREAS, the Court in ruling on a motion for protective order held that a confidentiality arrangement or order would be appropriate for the production of the Records; and

WHEREAS, the parties hereto recognize that the Records are personal to Odierna and that the use of the information or disclosure to any person or organization other than for the express and limited purposes provided herein would be of no value to McCarthy and yet could cause Odierna embarrassment and damage.

Now, therefore, in consideration of the mutual promises, covenants and conditions contained herein, the parties agree as follows:

1. All Records produced pursuant to the subpoena and otherwise to McCarthy will be strictly confidential and treated as such by McCarthy. Consequently, McCarthy agrees to not disclose the Records or the information contained therein to any person or organization other than his attorneys.

2

2. McCarthy agrees to strictly limit the use of the Records and the information contained therein to the limited purposes of determining the availability of assets of the defendant, RA Security Systems, Inc.

3. McCarthy agrees to take all necessary and reasonable steps to insure that the Records and the information contained therein is maintained in confidence and that the use of the same is limited to him and his counsel. The information shall not be disclosed in any manner except by further Court order. Any documents which McCarthy believes the Court needs to see to determine issues shall be filed only under seal to be reviewed in camera.

4. This stipulation shall be effective upon execution and shall not be modified except in writing signed by both parties.

5. In the event of a breach of this stipulation, Odierna would be entitled to all legal and equitable remedies afforded under law, including injunctive relief without the necessity of posting a bond, whether in this litigation or without, and shall be entitled to recover reasonable costs and legal fees incurred in seeking such remedy, should he prevail.

6. This stipulation is binding on the parties' employees, agents, contractors, attorneys or other persons and organizations over which they have has control.

DANIEL MCCARTHY                                         ROBERT ODIERNA, JR.

By:_____                      By:_____
   Loring Spolter, Esq., his attorney                      Steven H. Naturman, his attorney
   International Building, Suite 807                       Two Datran Center, Suite 1509
   2455 E. Sunrise Boulevard                               9130 South Dadeland Boulevard
   Ft. Lauderdale, FL 33304                                Miami, Florida 33156

2

**LORING N. SPOLTER, P.A.**
International Building
2455 E. Sunrise Boulevard, Suite 807
Fort Lauderdale, Florida 33304

PHONE (954) 728-3494
FAX   (954) 563-2252

**FACSIMILE TRANSMITTAL**

DATE: 6/12

TO: Steve Nahrman

ATTN:

FAX:

SENT BY:

RE:

MESSAGE: _____

The "last minute" submission of this is objectionable & sanctionable. I have agreed to all **but** paragraph No 3.

This transmission consists of ___ pages, including this cover letter.

Our fax number is (954) 563-2252. If there are any problems with this transmission, telephone us at (954) 728-3494.

The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. It the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone collect and return the original facsimile to us at the above address via the U.S. Postal service. We will reimburse you for the postage.

file: fax

**2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6013-CIV-GOLD/SIMONTON

DANIEL MCCARTHY,

    Plaintiff,

vs.

U.S.A. PROTECTION, INC., fka
R.A. SECURITY SYSTEMS, INC.,
a Florida Corporation,

    Defendant.
_____/

## STIPULATION REGARDING CONFIDENTIALITY

The plaintiff, Daniel McCarthy ("McCarthy") and the non-party witness, Robert Odierna, Jr. ("Odierna"), by and through their respective counsel, hereby stipulate to the following matters concerning the use and confidentiality of certain information to be disclosed pursuant to a subpoena duces tecum in aid of execution:

WHEREAS, Odierna is producing certain personal and non-party business records (the "Records") pursuant to subpoena; and

WHEREAS, the Court in ruling on a motion for protective order held that a confidentiality arrangement or order would be appropriate for the production of the Records; and

WHEREAS, the parties hereto recognize that the Records are personal to Odierna and that the use of the Information or disclosure to any person or organization other than for the express and limited purposes provided herein would be of no value to McCarthy and yet could cause Odierna embarrassment and damage.

Now, therefore, in consideration of the mutual promises, covenants and conditions contained herein, the parties agree as follows:

    1.    All Records produced pursuant to the subpoena and otherwise to McCarthy will be strictly confidential and treated as such by McCarthy. Consequently, McCarthy agrees to not disclose the Records or the information contained therein to any person or organization other than his attorneys.

2.  McCarthy agrees to strictly limit the use of the Records and the information contained therein to the limited purposes of determining the availability of assets of the defendant, RA Security Systems, Inc.

3.  McCarthy agrees to take all necessary and reasonable steps to insure that the Records and the information contained therein is maintained in confidence and that the use of the same is limited to him and his counsel. ~~The information shall not be disclosed in any manner except by further Court order. Any documents which McCarthy believes the Court needs to see to determine issues shall be filed only under seal to be reviewed in camera.~~ [handwritten: "Not agreed to."]

4.  This stipulation shall be effective upon execution and shall not be modified except in writing signed by both parties.

5.  In the event of a breach of this stipulation, Odierna would be entitled to all legal and equitable remedies afforded under law, including injunctive relief without the necessity of posting a bond, whether in this litigation or without, and shall be entitled to recover reasonable costs and legal fees incurred in seeking such remedy, should he prevail.

6.  This stipulation is binding on the parties' employees, agents, contractors, attorneys or other persons and organizations over which they have has control.

DANIEL MCCARTHY

By: [signature]
Loring Spolter, Esq., his attorney
International Building, Suite 807
2455 E. Sunrise Boulevard
Ft. Lauderdale, FL 33304

ROBERT ODIERNA, JR.

By:_____
Steven H. Naturman, his attorney
Two Datran Center, Suite 1509
9130 South Dadeland Boulevard
Miami, Florida 33156

**HP OfficeJet**  
**Personal Printer/Fax/Copier**

**Fax Log Report**

Jun-12-01   09:37 AM

| Identification | Result | Pages | Type | Date | Time | Duration | Diagnostic |
|---|---|---|---|---|---|---|---|
| 13056705596 | OK | 03 | Sent | Jun-12 | 09:35A | 00:01:13 | 002181130020 |

1.2.0  2.8