UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6013-CIV-GOLD/SIMONTON

DANIEL MCCARTHY,

    Plaintiff,

vs.

U.S.A. PROTECTION, INC., fka
R.A. SECURITY SYSTEMS, INC.,
a Florida Corporation,

    Defendant.
_____/

## MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS AND MOTION FOR CONFIDENTIALITY ORDER

    The non-party, Robert Odierna, Jr. ("Odierna"), hereby respectfully responds to the plaintiff's motion to compel discovery and for sanctions, and respectfully moves for an order providing that the discovery to be produced be confidential, and says:

### Introduction

    First and foremost, Odierna has been completely forthcoming and cooperative in providing the plaintiff with the information it seeks. He produced all the documents he had and even sat with the plaintiff and his counsel and informally answered questions and assisted in the production. This notwithstanding his strenuous dispute with the plaintiff's allegations that he is the alter ego of a corporation that he was nothing more than an employee of who resigned well before it closed its doors.

    What is truly shocking, however, is the plaintiff's motion which fails to provide the Court with an accurate account of the facts. Indeed, as this response will confirm, this motion is but another of several improper post-judgment actions which have caused Odierna considerable expense and difficulty. Each effort to cooperate has been met with some improper action which can only leave the impression that plaintiff is not

interested in discovery, but rather in trying to poison the Court's impression of Odierna or to achieve sanctions.

The only real issue is whether this non-party's personal documents are to be confidential and, if so, what means will accomplish this. Consistent with the Court's pronouncement in its Order, undersigned counsel drafted a proposed stipulation which would provide a reasonable method to accomplish this - for all documents to be filed under seal, with the Court to review the documents in camera. When a stipulation could not be worked out, Odierna still produced the documents and offered to continue to work with the plaintiff to resolve the matter. The plaintiff made no effort to work through the issue. On the contrary, the motion to compel was the response filed some month and a half later.

The plaintiff's motion should be denied and Odierna respectfully asserts that the Court should enter an order providing that his personal documents are to be considered confidential and private and should not be filed except under seal.

## Factual Background

On March 29, 2001, the Court entered its Order denying Odierna's motion for protective order. Although requiring the production, the Court held, however, that it "recognizes the privacy interests of Robert Odierna, Jr., and upon an appropriate motion will enter a confidentiality order which protects these interests." Order at 5. Upon receipt of the motion, Odierna's former counsel filed a motion to extend the time for Odierna to comply for ten (10) days to give Odierna time to obtain new counsel. This extension would have allowed until May 11, 2001.

Odierna retained undersigned counsel on May 8, 2001 and we called the plaintiff's counsel immediately to make arrangements to produce Odierna for deposition. When counsel could not be reached, we sent a letter to counsel confirming availability and willingness to testify. Given the shortness of time, we intended to raise

2

the confidentiality issues at the deposition, if necessary. See Letter to Spolter (5/8/01) attached hereto as Exhibit "A".

On May 9, 2001, we were able to confer with the plaintiff's counsel who advised of his desire to not take Odierna's deposition. Indeed, Mr. Spolter stated that he would let us know when he wanted the documents and he would be given access. This too, was confirmed by letter. Mr. Spolter was specifically told at that time that while Odierna would produce all the documents he had in his custody and control, many documents were in the hands of an accountant who could not be reached (and still cannot be) and that others had been destroyed in a flood of a storage unit. See Letter to Spolter (5/9/01) attached hereto as Exhibit "B".

Notwithstanding this agreement, on May 17, 2001, the plaintiff filed a motion to hold Odierna in contempt. Not only did the motion violate the terms of the agreement, but it misstated the record in many respects, including by failing to disclose that Odierna has expressed his willingness to produce records and appear for deposition. Moreover, the motion was served directly on Odierna (in violation of Florida Bar Rules) and not on counsel, despite that this office had filed a notice of appearance. This motion violated Federal Rule of Civil Procedure 11 in all respects.

Undersigned counsel forwarded a letter consistent with Rule 11 demanding the withdrawal of the motion and seeking a correction of the record. See Letter to Spolter (5/24/01) attached hereto as Exhibit "C". The plaintiff's counsel did file a motion for leave to withdraw the motion and such withdrawal was granted. The record was not corrected, however, and the statements made in the motion were not accurate.

Even in the face of this continuing bad faith on the part of the plaintiff and his counsel, Odierna made every effort to comply with the subpoena and the Order. Undersigned counsel communicated to the plaintiff's counsel on numerous occasions, either the need to reach agreement on the confidentiality of the documents. Even with these issues pending, arrangements were made to produce documents (not depose

3

Odierna as the plaintiff falsely states in his motion). Undersigned counsel drafted the proposed stipulation and forwarded it to the plaintiff's counsel. See Draft Stipulation Regarding Confidentiality, attached hereto as Exhibit "D". This is a standard agreement which provides for a reasonable mechanism to protect the confidentiality of these personal financial records of a non-party.

The plaintiff's counsel rejected a key part of the motion -- the mechanism to keep the documents private. Once again, in good faith, Odierna agreed to produce the records, so as to not prejudice the plaintiff, but requested that the parties work out the relatively minor dispute before the documents be copied. On June 12, 2001 Odierna produced all the documents he had (some five (5) boxes) and allowed complete access to the plaintiff and his counsel. Odierna even sat with the plaintiff and his counsel and informally answered questions about the documents in an effort to be helpful. The plaintiff segregated some 75 pages from the boxes for copying.

Having not heard from the plaintiff, undersigned counsel confirmed the status of the matter and requested that the plaintiff's counsel contact him to work out this relatively minor issue to move the matter forward. See Letter to Spolter (6/22/01), attached hereto as Exhibit "E". Mr. Spolter never contacted this office prior to bringing this motion to compel.

### Argument

As the record clearly shows, Odierna has been and remains willing to comply with all discovery requests. All he requests, as a non-party to this litigation, is that his person records be kept private consistent with the Court's pronouncements. He has made every effort to accommodate the plaintiff and has produced all documents in his possession. He also remains willing to testify as required.

These efforts have been met by the plaintiff with a series of false and misleading papers filed in this Court. Virtually all of the motions filed by the plaintiff have misrepresented the nature of the dispute and can only be designed to have the Court

4

believe that Odierna is trying to hide something and/or not comply with the Court's order, when the opposite is true. Odierna was nothing but a former employee of a now defunct company owned by his father. Odierna did not receive any of the assets of the company, nor did he control the disposition of its assets. He is, of course, prepared and willing to prove this as may be necessary. In the meantime, he remains will to comply with all discovery requests and Court orders and has nothing to hide.

## Conclusion

The facts clearly show that the non-party witness, Robert Odierna, Jr., has complied in all respects with the pending subpoena and Court order. The motion to compel and for sanctions should be denied. Indeed, if any party should be sanctioned, it should be the plaintiff for repeatedly violating Rule 11. The Court should also require all production of documents be confidential and that any filings with the Court be under seal and/or in camera to protect this confidentiality.

WHEREFORE, the non-party witness, Robert Odierna, Jr., respectfully requests that the Court deny the plaintiff's motion to compel discovery and for sanctions, award sanctions against the plaintiff and in favor of Odierna and enter an Order determining that all post-judgment discovery involving Odierna be confidential, requiring that any filings disclosing such information be under seal, and for other relief as is just and proper.

Respectfully submitted,

STEVEN H. NATURMAN, P.A.
Two Datran Center, Suite 1509
9130 South Dadeland Boulevard
Miami, Florida 33156
(305) 670-8353
(305) 670-5596 (facsimile)

By: _____
Steven H. Naturman
(Florida Bar No. 709920)

5

STEVEN H. NATURMAN, P.A.
TWO DATRAN CENTER, SUITE 1509, 9130 SOUTH DADELAND BOULEVARD, MIAMI, FLORIDA 33156 * (305) 670-8353

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2001 a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, and by facsimile to:

Loring Spolter, Esq.
International Building, Suite 807
2455 E. Sunrise Boulevard
Ft. Lauderdale, FL 33304
Fax No. (954) 563-2252

By: _____
Steven H. Naturman

LAW OFFICES
# Steven H. Naturman, P.A.
Two Datran Center, Suite 1509
9130 South Dadeland Boulevard
**MIAMI, FLORIDA 33156**

E-MAIL SHNLAW@EMAIL.COM  
www.shnlaw.com

TELEPHONE (305) 670-8353  
FACSIMILE (305) 670-5596

May 8, 2001

**By Facsimile (954-565-2353)**

Loring Spolter, Esq.
International Building, Suite 807
2455 E. Sunrise Boulevard
Ft. Lauderdale, FL 33304

Re: McCarthy vs. U.S.A. Protection, Inc. et al.
U.S.D.C., S.D. Florida Case No. 00-6013-CIV-GOLD/SIMONTON

Dear Mr. Spolter:

This will confirm my telephone message of this afternoon wherein I advised you that my firm had been retained by Robert Odierna, Jr. to represent him with respect to the subpoena and deposition in the above referenced action. As I stated in the message, I understand that the Court's order denying the motion for protective order and related order, require the deposition to be taken by May 11th. We will respect that time frame and are willing to appear at a mutually convenient time and date within that period. Certainly, we would have no objection to a stipulation extending the period to accommodate all persons' schedules. Either way, please let me know as soon as possible so that we can make appropriate arrangements. Please note that I am not available the morning of Friday, May 11th as I will be in court in Ft. Lauderdale and then must go back to Miami for a mediation. I am available most of the day, Thursday, May 10th and the afternoon of Friday, May 11th.

Please be in touch with my office at your earliest convenience to discuss the matter.

Very truly yours,

Steven H. Naturman

SHN\tbm
cc: Client

**EXHIBIT "A"**

LAW OFFICES
# Steven H. Naturman, P.A.
Two Datran Center, Suite 1509
9130 South Dadeland Boulevard
**MIAMI, FLORIDA 33156**

E-MAIL SHNLAW@EMAIL.COM
www.shnlaw.com

TELEPHONE (305) 670-8353
FACSIMILE (305) 670-5596

May 9, 2001

**By Facsimile (954-565-2252)**

Loring Spolter, Esq.
International Building, Suite 807
2455 E. Sunrise Boulevard
Ft. Lauderdale, FL 33304

    Re:  McCarthy vs. U.S.A. Protection, Inc. et al.
           U.S.D.C., S.D. Florida Case No. 00-6013-CIV-GOLD/SIMONTON

Dear Mr. Spolter:

    This will confirm our telephone discussion of this morning regarding the above referenced action. As we discussed, I enclose copies of my letter of yesterday and my notice of appearance.

    With regard to our discussion, we agreed that we will assemble and make available for your review and copying, the documents responsive to your subpoena that are within the custody and control of my client, Robert Odierna, Jr. You and your client are welcome to review these documents during regular business hours upon reasonable notice. You specifically reserve the right to take the deposition of my client at a later time and will coordinate the time and date of the deposition with this office. We will make every effort to accommodate all persons' schedules.

    If this letter does not comport with your understanding of this agreement, please advise me immediately by facsimile.

    Thank you for the courtesies extended to me and my client. If you need anything further, please let me know.

Very truly yours,

Steven H. Naturman

SHN\tbm
cc:    Client

EXHIBIT "B"

LAW OFFICES
# Steven H. Naturman, P.A.
Two Datran Center, Suite 1509
9130 South Dadeland Boulevard
**MIAMI, FLORIDA 33156**

E-MAIL SHNLAW@EMAIL.COM
www.shnlaw.com

TELEPHONE (305) 670-8353
FACSIMILE (305) 670-5596

May 24, 2001

**By Facsimile (954-563-2252)
and U.S. Mail**

Loring Spolter, Esq.
International Building, Suite 807
2455 E. Sunrise Boulevard
Ft. Lauderdale, FL 33304

    Re:    McCarthy vs. U.S.A. Protection, Inc. et al.
            U.S.D.C., S.D. Florida Case No. 00-6013-CIV-GOLD/SIMONTON

Dear Mr. Spolter:

    I was shocked and outraged to learn from my client this morning that on May 17th you filed motions in the above referenced action regarding the post-judgment discovery. Specifically, you filed a response to motion for extension of time and motion to hold my client in contempt. I write this letter as a predicate to the filing of a Rule 11 motion because these motions were filed in violation of said rule in that they completely violate said rule by containing false and misleading information and which you have no good faith basis to support. The violations include the following:

1. On May 9th by telephone and then by mail on May 10th, I advised you of my representation of Mr. Odierna. I also filed my notice of appearance on May 8th. Notwithstanding this, you failed to serve me with your motions. Additionally, you served Mr. Odierna directly in violation of the Florida Bar rules.

2. Your motion contains numerous false and incomplete statements. You fail to mention that this office communicated to you on a timely basis Mr. Odeirna's willingness to attend the deposition within period imposed by the Court. See May 8th Letter. You also fail to mention our conversation of May 9th during which you agreed not to take the deposition at that time and to review records upon notice to my office. I confirmed this in my May 9th letter. I only heard yesterday from your associate Ms. Bierman and discussed making the documents available in the next week. In fact, taken together, your motions present a completely false and fraudulent picture of the circumstances in this case.


EXHIBIT "C"

May 24, 2001
Page 2

    You are therefore placed on express notice that if you do not withdraw these false and misleading papers along with an explanation that the facts contained therein are inaccurate, I will file a Rule 11 motion when permitted under the Federal Rules of Civil Procedure and will seek all appropriate sanctions.

    GOVERN YOURSELF ACCORDINGLY!

Very truly yours,

*[signature]*

Steven H. Naturman

SHN\tbm
cc:   Client

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6013-CIV-GOLD/SIMONTON

DANIEL MCCARTHY,

    Plaintiff,

vs.

U.S.A. PROTECTION, INC., fka
R.A. SECURITY SYSTEMS, INC.,
a Florida Corporation,

    Defendant.
_____/

## STIPULATION REGARDING CONFIDENTIALITY

    The plaintiff, Daniel McCarthy ("McCarthy") and the non-party witness, Robert Odierna, Jr. ("Odierna"), by and through their respective counsel, hereby stipulate to the following matters concerning the use and confidentiality of certain information to be disclosed pursuant to a subpoena duces tecum in aid of execution:

    WHEREAS, Odierna is producing certain personal and non-party business records (the "Records") pursuant to subpoena; and

    WHEREAS, the Court in ruling on a motion for protective order held that a confidentiality arrangement or order would be appropriate for the production of the Records; and

    WHEREAS, the parties hereto recognize that the Records are personal to Odierna and that the use of the Information or disclosure to any person or organization other than for the express and limited purposes provided herein would be of no value to McCarthy and yet could cause Odierna embarrassment and damage.

    Now, therefore, in consideration of the mutual promises, covenants and conditions contained herein, the parties agree as follows:

    1.    All Records produced pursuant to the subpoena and otherwise to McCarthy will be strictly confidential and treated as such by McCarthy. Consequently, McCarthy agrees to not disclose the Records or the information contained therein to any person or organization other than his attorneys.


EXHIBIT "D"

2. McCarthy agrees to strictly limit the use of the Records and the information contained therein to the limited purposes of determining the availability of assets of the defendant, RA Security Systems, Inc.

3. McCarthy agrees to take all necessary and reasonable steps to insure that the Records and the information contained therein is maintained in confidence and that the use of the same is limited to him and his counsel. The information shall not be disclosed in any manner except by further Court order. Any documents which McCarthy believes the Court needs to see to determine issues shall be filed only under seal to be reviewed in camera.

4. This stipulation shall be effective upon execution and shall not be modified except in writing signed by both parties.

5. In the event of a breach of this stipulation, Odierna would be entitled to all legal and equitable remedies afforded under law, including injunctive relief without the necessity of posting a bond, whether in this litigation or without, and shall be entitled to recover reasonable costs and legal fees incurred in seeking such remedy, should he prevail.

6. This stipulation is binding on the parties' employees, agents, contractors, attorneys or other persons and organizations over which they have has control.

| DANIEL MCCARTHY | ROBERT ODIERNA, JR. |
|---|---|
| By:_____ | By:_____ |
| Loring Spolter, Esq., his attorney | Steven H. Naturman, his attorney |
| International Building, Suite 807 | Two Datran Center, Suite 1509 |
| 2455 E. Sunrise Boulevard | 9130 South Dadeland Boulevard |
| Ft. Lauderdale, FL 33304 | Miami, Florida 33156 |

LAW OFFICES
# Steven H. Naturman, P.A.
Two Datran Center, Suite 1509
9130 South Dadeland Boulevard
**MIAMI, FLORIDA 33156**

E-MAIL SHNLAW@EMAIL.COM
www.shnlaw.com

TELEPHONE (305) 670-8353
FACSIMILE (305) 670-5596

June 22, 2001

**By Facsimile (954-563-2252)**

Loring Spolter, Esq.
International Building, Suite 807
2455 E. Sunrise Boulevard
Ft. Lauderdale, FL 33304

    Re:  McCarthy vs. U.S.A. Protection, Inc. et al.
             U.S.D.C., S.D. Florida Case No. 00-6013-CIV-GOLD/SIMONTON

Dear Mr. Spolter:

    I want to confirm the status of the post-judgment activities involving my client, Robert Odierna, Jr., to assure that the record is clear.

    As you know, the Court provided in its order denying the motion for protective order that my client, as a non-party, was entitled to reasonable confidentiality of production of records and testimony. As such, I prepared a proposed stipulation regarding confidentiality. You executed the stipulation, but removed a key provision which required that any disclosure of any information produced be by Court order and that any presentation in Court be done in camera. The reasons for the provision are obvious as without such a provision, the stipulation becomes meaningless because all information as produced could be filed and become public record. Certainly, we do not seek to create any hardship for you or your client, but rather we are trying to keep private records private. If the Court determines any record needs to be revealed, they will be revealed. Frankly, if you have other ideas or mechanisms in mind to accomplish this, we are glad to receive them.

    In the meantime, in a good faith effort to accommodate you and your client, we agreed to produce the records in my client's possession. This was done on June 12th. Your associate, Ms. Bierman, and your client, Mr. McCarthy, reviewed all documents produced by my client (some 6 boxes of documents). From that, they identified a small number of documents they desire to be copied. As I advised you and Ms. Bierman, we would permit the copying of these documents only upon us reaching agreement on the

**EXHIBIT "E"**

June 22, 2001
Page 2

stipulation. As such, these documents remain segregated and we are prepared to release them to a copying service of your choosing once we reach agreement on the issue referenced above.

Please therefore contact me at your earliest convenience so that we may discuss and hopefully resolve this disclosure issue. If we cannot resolve this problem, we can put the matter before the Court.

Thank you for your attention to this matter.

Very truly yours,

Steven H. Naturman

SHN\tbm
cc:   Client