UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6013-CIV-GOLD/SIMONTON

DANIEL MCCARTHY,

    Plaintiff,

v.

U.S.A. PROTECTION, INC., formerly
known as R.A. SECURITY SYSTEMS,
INC., a Florida corporation,

    Defendant.
_____/

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS AND RESPONSE TO NON-PARTY ROBERT ODIERNA, JR.'S MOTION FOR CONFIDENTIALITY ORDER**

Plaintiff, DANIEL MCCARTHY ("McCarthy"), through his undersigned attorneys, files this Reply Memorandum In Support Of His Motion To Compel Discovery And For Sanctions And Response To Non-Party Robert Odierna, Jr.'s Motion For Confidentiality Order, and states:

**BACKGROUND**

This is a wage and hour case arising out of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* On November 6, 2000, the Court issued a Final Judgment in McCarthy's favor for $28,535.52. The Defendant, which was a family owned business, defaulted. McCarthy now seeks to hold Robert Odierna Jr. and his wife Mai-Lyn Kozlowski personally liable for the judgment, because they ran the day-to-day operations of the Defendant, and therefore functioned as officer, directors, and/or shareholders of the Defendant. As recognized by the Court in its March 29, 2001 Order, if Odierna Jr. was not an owner of the Defendant, why did he commingle

1

his personal funds with the company's funds? In any event, McCarthy will set forth why Odierna Jr. should be compelled to produce discovery (pertinent documents), and why he should be sanctioned (as he has orchestrated a delay in his deposition of over three (3) months due to his refusal to produce the pertinent documents to McCarthy and switching counsel), as set forth in detail below.

## MEMORANDUM OF LAW

### I. MCCARTHY'S MOTION SHOULD BE GRANTED, AND ODIERNA JR.'S MOTION SHOULD BE DENIED

Initially, in his Response to McCarthy's Motion to Compel, Odierna Jr. moved the Court for a Confidentiality Order regarding the production of documents that are at issue. Since Odierna Jr. did not file a motion with his request, as required by Local Rule 7.1., the Court should not rule on its request. (*See Order* at 1, *Wimber v. Stuart Lumber, et al.*, Case No. 00-6815-CIV-FERGUSON/SNOW) (refusing to rule on request for relief contained in a response to a motion because same violates Local Rule 7.1).

That being said, McCarthy does not object to a confidentiality order governing the production of the documents at issue, but the scope and terms of any such order need to be fair to both parties. Odierna Jr. seeks a blanket confidentiality order that pertains to every document in this case, with a cumbersome procedure that would require McCarthy to file every single document under seal with the Court. McCarthy believes that the confidential nature of Odierna Jr.'s documents should be maintained. However, McCarthy has serious doubts that every single document in this case is so confidential that it requires filing under seal. This Court's Local Rules were recently amended to discourage the filing of documents under seal. Moreover, it is difficult to cite to documents filed under seal for appellate purposes.[1] **In any event, Odierna Jr.**

---

[1] An appeal causes many thorny issues for documents filed under seal. For example, can the appellate judges view the documents? Can the clerks? Will the documents be identified on the docket sheet? How

**has assumed that all 75 of the documents that McCarthy segregated are confidential. In fact, many of these documents may not, objectively speaking, be confidential, and certainly not to the point that they require filing under seal. Odierna Jr. should be required to designate which documents out of the 75 at issue are truly confidential, to the point that they require filing under seal.**

That being said, McCarthy represents to this Court that he is not going to disclose or disseminate any of the 75 documents (or any part of any of those documents) to anyone, except for the purpose of advancing this litigation. McCarthy has no desire to inform anyone in particular (or the public at large) of Odierna Jr.'s finances, or his relationship to or ownership of the Defendants. McCarthy believes that the only dissemination of documents that would reasonably be likely to occur, is that the documents 1) would be reviewed by McCarthy's attorneys (and office staff working with McCarthy's attorneys, who will be instructed of the confidential nature of any documents); 2) could possibly be used at depositions (including that of Odierna Jr.); 3) that the documents (or some of them) could have to be revealed to the Court (*e.g.*, in motion practice), if Odierna Jr. continues to object to having an ownership interest in the Defendant (which could cause an evidentiary hearing or possible trial); and 4) might be needed for appellate purposes. Any confidentiality disputes can be minimized if Odierna Jr. designates which documents are truly confidential. Such designation may obviate any disputes, because Odierna Jr. may not find that any of the 75 documents are confidential in nature. McCarthy has attached hereto as Composite Exhibit "1" a Proposed Confidentiality Agreement and Proposed Confidentiality Order that he believes will adequately protect Odierna Jr.'s concerns.

---

will they be so identified, particularly if they are exhibits to a motion; must the whole motion be filed under seal? What about if there is a trial or evidentiary hearing regarding the documents? How are they to be treated? If they are discussed in a deposition or used as an exhibit in a deposition, will the entire deposition be confidential?

## II. THE REPRESENTATIONS MADE BY ODIERNA JR. IN HIS RESPONSE/MOTION

Odierna Jr. sets forth a lengthy recitation of what he believes to be pertinent background facts. Many of these representations are simply untrue, and Odierna Jr. failed to apprise the Court of several pertinent facts. The most pertinent background fact is that this Court ordered Odierna Jr. to submit to a deposition no later than May 11, 2001. (*Order*, Mar. 29, 2001). Odierna Jr. did not submit to a deposition by that date, and therefore he is in contempt of the Court's March 29, 2001 Order. In fact, McCarthy filed a Motion to Hold Odierna Jr. in Contempt. Approximately two days before the deadline for submitting to a deposition, Odierna Jr. contacted undersigned counsel's office seeking an extension of time to submit to a deposition. Neither undersigned counsel nor Odierna Jr.'s counsel can amend an order of this Court. Therefore, since Odierna Jr. did not submit for deposition by May 11, 2001 he is in contempt of the Court's Order.

In this case, for a period of time between the Court's Order (March 29) and the deadline for Odierna Jr.'s deposition (May 11), Odierna Jr. was not represented by counsel. During that time frame, undersigned counsel was not able to obtain the pertinent documents necessary to take a meaningful deposition of Odierna Jr. Undersigned counsel believes that Odierna Jr. pulled an intentional ploy to force a delay of his deposition because he knew that such deposition could not be meaningful absent the relevant documents. As set forth in detail in Odierna Jr.'s Response, Odierna Jr.'s new attorney contacted undersigned counsel literally two days before the deadline for the deposition, and stated that Odierna Jr. is willing to be deposed on May 10, 2001 (but not May 11 or May 9 because of conflicts of his counsel). Undersigned counsel believed (and believes) that such actions are a bad faith ploy on the part of Odierna Jr., because 1)

4

undersigned counsel could not take the deposition without the documents (and thus the offer to allow himself to be deposed was really a sham), and 2) what are the chances that undersigned counsel would even be available on May 10th (given one day's notice), and in fact undersigned counsel had other commitments.

Given these facts, Odierna Jr.'s attempt in his Response to make it look like undersigned counsel unreasonably filed his Motion for Contempt is without merit. The Motion to Hold Odierna Jr. in Contempt was filed when it became clear that Odierna Jr. was not serious about submitting to a deposition or providing the pertinent documents. It is not undersigned counsel who acted in bad faith, or made false misrepresentations.

y

or amend a court order absent going back to the court, litigants can agree not to seek enforcement of a Court Order. Hence, in this case, McCarthy withdrew his Motion to Hold Odierna Jr. in Contempt of Court, as the litigants agreed that Odierna Jr. would make full disclosure of all relevant documents regarding his personal finances and regarding his connection to the Defendants, and then would promptly submit to a deposition. The litigants finally agreed that on a certain day McCarthy would have access to Odierna Jr.'s documents, and could photocopy any documents he felt were particularly relevant.

*Late in the day, on the day before disclosure of the documents*, opposing counsel faxed a proposed confidentiality order to undersigned counsel which stated in blanket fashion that all documents would have to be filed under seal, and opposing counsel made clear that no documents could be photocopied until the agreement was signed. Odierna Jr. omits this fact from his Response. Undersigned counsel felt as if he were being "held up." Undersigned counsel refused to agree to the provision that stated that every single document would have to be

5

filed under seal. McCarthy went and reviewed the documents, segregating some to be photocopied, and this matter is now before the Court on McCarthy's Motion to Compel Discovery, as he seeks photocopies of these 75 or so documents.

McCarthy filed his Motion to Compel, because his patience is wearing thin. Odiern Jr.'s newest delay tactic is yet one more ploy in a whole series seemingly designed to stonewall. Odierna Jr.'s repeated assertions that undersigned counsel is behaving in a manner that is sanctionable are without merit. It is not undersigned counsel who was ordered to submit to a deposition by May 11, 2001, but still has not due to his own stonewalling and delay tactics. Rather, that description fits Odierna Jr. to a tee. Moreover, Odierna Jr. now reveals in his Response to McCarthy's Motion to Compel that a flood damaged most of the pertinent documents. (*Odierna Jr.'s Response* at 3) (citing *Letter to Spolter* (5/09/01)). However, the letter to undersigned counsel attached as Exhibit "B" to Odierna Jr.'s Response does not disclose that many of the pertinent documents were damaged in a flood. Given the credibility (or rather lack of it) that Odierna Jr. has shown heretofore, at this point undersigned counsel is exasperated. It is Odierna Jr.'s responsibility to produce the documents and not allow them to be destroyed.

At a minimum, McCarthy requests that the Court grant his Motion to Compel, and McCarthy agrees not to disseminate any of the documents (to the Court or to anyone else) until a confidentiality agreement is signed by both parties, or ordered by the Court. McCarthy should not be made to be without the documents for any longer. If the Court does not grant McCarthy's Motion to Compel, Odierna Jr.'s deposition will be delayed indefinitely until the parties agree on a confidentiality provision or until the Court resolves the matter. McCarthy should be given possession of the documents, and allowed to depose Odierna Jr., at this point, and a

Case 0:00-cv-06013-ASG   Document 47   Entered on FLSD Docket 08/29/2001   Page 7 of 9

confidentiality provision may be entered into later. Again, McCarthy agrees not to disseminate any information from the documents or the documents themselves until such an agreement and/or order is in place.

## CONCLUSION

Based on the foregoing, McCarthy respectfully requests that this Court grant his Motion to Compel and for Sanctions.

Attorney for the Plaintiff
Loring N. Spolter, P.A.
International Building
2455 E. Sunrise Blvd.
Suite 807
Fort Lauderdale, FL 33304
Tel. (954) 728-3494
Fax (954) 563-2252

By: _____
Loring N. Spolter, Esq.
Fla. Bar No. 864196

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been duly furnished by U.S. mail to: Steven H. Naturman, Esq., Steven H. Naturman, P.A., Two Datran Center, Suite 1509, 9130 Dadeland Boulevard, Miami, Florida 33156, this 23 day of August, 2001.

By: _____
Loring N. Spolter, Esq.
Fla. Bar No. 864196

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6013-CIV-GOLD/SIMONTON

DANIEL MCCARTHY,

    Plaintiff,

v.

U.S.A. PROTECTION, INC., formerly
known as R.A. SECURITY SYSTEMS,
INC., a Florida corporation,

    Defendant.
_____/

**CONFIDENTIALITY AGREEMENT**

McCarthy and non-party Robert Odierna, Jr., by and through their undersigned counsel, agree that all information produced in discovery in the above-captioned matter will be kept strictly confidential and used solely for the purposes of this litigation. The parties agree not to disseminate this information other than what is reasonably necessary for their mutual defense and prosecution of this matter.

Respectfully submitted,

Dated: _____.

| | |
|---|---|
| LORING N. SPOLTER, P.A. | STEVEN H. NATURMAN, P.A. |
| Attorneys for Plaintiff | Attorneys for Non-Party Robert Odierna, Jr. |
| 2455 E. Sunrise Blvd. | Two Datran Center, Suite 1509 |
| Suite 807 | 9130 South Dadeland Boulevard |
| Fort Lauderdale, FL 33304 | Miami, Florida 33156 |
| Tel. (954) 728-3494 | Tel: (305) 670-8353 |
| Fax (954) 563-2252 | Fax: (305) 670-5596 |
| By:_____ | By:_____ |
|     Loring N. Spolter, Esq. |     Steven H. Naturman, Esq. |
|     Florida Bar No. 864196 |     Florida Bar No. 709920 |

**EXHIBIT 1**

2. <u>Manner of Designation.</u> Designation of "Confidential Matter" shall be effective by placing or affixing on each document or group of documents so designated, a notice of "CONFIDENTIAL" or the equivalent, in such manner as will not interfere with the legibility thereof, but shall be sufficient to put persons receiving such documents on notice that such documents are to be treated in confidence. Any confidential designation which is inadvertently omitted, or which was not placed on documents prior to this Order, may be corrected by written notice to opposing counsel, whereupon such documents shall become "Confidential Matter", and the confidential designation shall be placed on such documents to the extent practicable.

3. <u>Restriction on Use of Confidential Matter.</u> No "Confidential Matter" produced in response to any Party's discovery requests shall be used or communicated by any party (or non-party Robert Odierna, Jr.), or any other person receiving or viewing them, for business or competitive purposes, or for any purpose whatsoever other than in preparation for trial of this matter, the trial of this matter or any appeals therefrom.

4. <u>Persons Who May View Confidential Matter.</u> "Confidential Matter" shall, except as set forth below, be available only for examination by (a) the parties, and if a party is not a natural person, then examination shall be limited to those persons required to have knowledge of such "Confidential Matter" for purposes of this litigation, and each such person shall be bound by this Order, (b) the parties' attorneys and their respective legal assistants, including associates, secretaries and paralegal assistants, court reporters and other agents or employees to the extent necessary to render legal services in this litigation, (c) expert witnesses retained by the parties' attorneys, (d) court officials involved in the litigation, including but not limited to the Judge, Magistrate Judge, judicial law clerks, judicial assistants, court reporters, special masters orothers appointed by the court, and (e) those persons who are lawfully present at the trial of this case.

2