UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6013-CIV-GOLD/SIMONTON

DANIEL MCCARTHY,

    Plaintiff,

vs.

U.S.A. PROTECTION, INC., formerly
known as R.A. SECURITY SYSTEMS,
INC., a Florida corporation,

    Defendant.
_____/



## CONFIDENTIALITY ORDER

This matter is before the Court pursuant to Plaintiff's Motion To Compel Discovery and For Sanctions (DE #45, filed 7/27/01), and non-party Robert Odierna, Jr.'s (hereafter Odierna) Motion For Confidentiality Order (DE #46, filed 8/8/01). Plaintiff and Odierna have each requested this Court to enter a confidentiality order but are unable to agree on the terms of the order. Therefore, it is hereby

**ORDERED AND ADJUDGED** that all material marked as "Confidential" which is produced in discovery in the above-captioned matter will be kept strictly confidential and will be used solely for the purposes of this litigation in aid of execution of the judgment in this case.

The parties and Odierna may designate any document as confidential by placing or affixing on each document or group of documents so designated a notice of "CONFIDENTIAL" or the equivalent, in such manner as will not interfere with the legibility thereof, but shall be sufficient to put such persons receiving such documents on notice that such documents are to be treated in confidence. Any confidential designation which is inadvertently omitted, or which was not placed on documents prior



to this Order, may be corrected by written notice to opposing counsel, whereupon such documents shall become "Confidential", and the confidential designation shall be placed on such documents to the extent practicable.

No "Confidential" material produced in response to any discovery request in this litigation in aid of execution shall be used or communicated by any party or by Odierna, or any other person receiving or viewing them for business or competitive purposes, or for any purpose whatsoever other than in preparation for any hearings in this litigation or any appeals therefrom.

"Confidential" material shall, except as set forth below, be available for examination only by a) the parties and Odierna, and as to Defendant, a corporation, examination shall be limited to those persons required to have knowledge of such "Confidential" material for purposes of this litigation, and each such person shall be bound by this Order; b) the attorneys for the parties and for Odierna, and their respective legal assistants, including associates, secretaries and paralegal assistants, court reporters and other agents or employees to the extent necessary to render legal services in this litigation; c) any expert witnesses retained by the attorneys for the parties and Odierna; d) court officials involved in the litigation, including but not limited to the District Judge, the Magistrate Judge, judicial law clerks, judicial assistants, court reporters, special masters or others appointed by the Court; and e) those persons who are lawfully present at any hearing related to this litigation.

There shall be no reproduction of "Confidential" material, except as required in preparation for hearings or for a trial in this litigation; hearings or for a trial in this litigation or any appeals therefrom, except that copies, excerpts or summaries may be shown or given to those persons authorized to receive such information pursuant to this Order.

No person who examines any item produced pursuant to this Order shall disseminate orally, in writing, or by any other means any "Confidential" material to any person not also authorized to examine "Confidential" material under the terms of this Order.

Except as limited herein, during a deposition a deponent may be shown and examined about "Confidential" material. Prior to such examination, if the deponent is not already a person authorized to view "Confidential" material, the deponent shall be given a copy of this Order and shall agree to be bound by it by signing a copy of the attached acknowledgment, if requested by counsel for either party or by counsel for Odierna. At the deposition, or within fifteen days after receiving a copy of the transcript, a party, Odierna, or a deponent may designate portions of the transcript and/or exhibits as "Confidential" material. Until the expiration of the fifteen day period, the transcript and exhibits shall be treated as confidential, but when the fifteen day period expires, only those pages of the transcript and exhibits designated as such shall be "Confidential" material. Thereafter, the original and all copies of such pages and exhibits shall be stamped as confidential as set forth in this Order, and the title page of the transcript shall state "Contains Confidential Information".

Any "Confidential" material which is filed with the Court relating to this litigation shall be filed under seal.

The production of "Confidential" material for inspection and note-taking shall not constitute a waiver of the right of any Party or of Odierna to claim in this lawsuit or hereafter that said documents and/or any materials or information included therein is privileged and is otherwise non-discoverable.

A party, Odierna, or an aggrieved person or entity permitted by the Court to intervene for such purpose, may file a motion seeking a Court order that a document or

documents stamped "Confidential" are not entitled to be treated as "Confidential" materials. The person or entity that designated the material as confidential shall be given notice and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the documents to have such protection.

Upon final termination of this action, including all appeals, each party's attorney and Odierna's attorney shall return all "Confidential" material, including all copies, excerpts or summaries thereof, to the attorney who produced the same.

The "Confidential" material in this litigation shall not be disclosed in any manner not permitted by this Order except by further Court order.

**DONE AND ORDERED** in Miami, Florida, on this 27th day of December, 2001.

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Alan S. Gold
   United States District Judge
Loring N. Spolter, Esq.
   2455 E. Sunrise Boulevard, Suite 807
   Fort Lauderdale, Florida 33304
   (Attorney for Plaintiff)
Steven H. Naturman, Esq.
   Two Datran Center, Suite 1509
   9130 South Dadeland Boulevard
   Miami, Florida 33156
   (Attorney for Robert Odierna, Jr.)

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read the CONFIDENTIALITY ORDER which was entered by the Court on December 27, 2001, in <u>McCarthy v. U.S.A. Protection, Inc.</u>, Case No. 00-6013-CIV-GOLD, and that he/she is one of the persons contemplated in the Order to receive disclosure of material designated CONFIDENTIAL by either of the parties or by third parties, and that he/she fully understands and agrees to abide by the obligations and conditions of the Confidentiality Order. The undersigned further consents to be subject to the jurisdiction of the United States District Court for the Southern District of Florida for purposes of any proceedings relating to performance under, compliance with, or violation of the above-described order.

_____

Dated: _____