UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6013-CIV-GOLD/SIMONTON

DANIEL MCCARTHY,

      Plaintiff,

vs.

U.S.A. PROTECTION, INC., formerly
known as R.A. SECURITY SYSTEMS,
INC., a Florida corporation,

      Defendant.

_____/



FILED by _____ D.C.
MAG. SEC.

DEC 2 8 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER ON PENDING DISCOVERY MOTIONS

This matter is before the Court on Plaintiff's Motion To Compel Discovery and For

Sanctions (DE #45, filed 7/27/01), and non-party Robert Odierna, Jr.'s (hereafter Odierna)

Motion For Confidentiality Order (DE #46, filed 8/8/01). These motions have been

referred to the undersigned Magistrate Judge for disposition, and have been fully briefed

(DE ##46, 47). For the reasons set forth below, this Court has determined that Plaintiff's

motion to compel discovery is granted, the parties' requests for sanctions are denied,

and Odierna's motion for a confidentiality order is granted in part and denied in part.

On November 6, 2000, Plaintiff obtained a default judgment for Twenty Eight

Thousand Five Hundred Thirty-Five Dollars and Fifty-Two Cents ($28,535.52), against

Defendant U.S.A. Protection Systems, formerly known as R.A. Security Systems, Inc., in

an action based on Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. §§

201, et seq. (DE #26).

This matter arises from a subpoena duces tecum which Plaintiff served on non-

party Odierna on December 13, 2000. On March 30, 2001, the undersigned Magistrate

Judge entered an Order denying Odierna's motion for protective order and ordering



Odierna's deposition and Odierna's production of the requested documents to take place by April 27, 2001.  In the Order, this Court also stated that it recognized Odierna's privacy interests and would enter a confidentiality order which protected these interests upon an appropriate motion (DE #35).

In his motion, Plaintiff contends that Odierna has not produced documents due to a conflict between Plaintiff and Odierna concerning a confidentiality agreement.  Plaintiff states that Odierna's counsel let Plaintiff's counsel review the documents and mark the 75 documents he desired, but would not permit them to be photocopied. Plaintiff states that Odierna will only provide copies of the requested documents to Plaintiff if Plaintiff agrees that the information shall not be disclosed in any manner except by further Court order, and that any documents which Plaintiff believes the Court needs to see to determine issues shall be filed only under seal to be reviewed in camera.  Plaintiff objects to Odierna's confidentiality stipulation, stating that it would make unduly burdensome any deposition of an individual regarding the financial affairs of Odierna and Defendant, as the Court's permission would have to be obtained to allow the produced documents to be shown to the deponent.  Plaintiff does not object to a confidentiality order or to maintaining the confidentiality of Odierna's documents, but objects to filing every document under seal with the Court.  Plaintiff states that the only dissemination of documents that may occur is 1) to McCarthy's attorneys and their office staff; 2) to witnesses at depositions; 3) to the Court in motion practice ; and/or 4) on appeal.  Plaintiff also requests that Odierna mark which of the 75 documents he feels are confidential.

Plaintiff also objects to being informed on June 11, 2001, the day before Odierna had agreed to produce the documents, that some of the requested documents had been destroyed in a warehouse flood and some had been stolen by an employee of Odeirna's

accountant.

Plaintiff asks this Court 1) to order Odierna to produce the documents and submit to deposition; 2) to order Plaintiff not to disseminate any of the documents to anyone until both sides sign a confidentiality agreement or one is ordered by this Court; 3) to order a list of the documents either stolen or lost and a reasonable explanation for their disappearance; and 4) to award Plaintiff all costs and attorney's fees incurred by the filing of the instant motion (DE ##45, 47).

Odierna responds that on May 9, 2001, Plaintiff's counsel was notified that many of the requested documents were in the hands of an accountant who could not be reached and that others had been destroyed in the flood of a storage unit. Odierna's counsel also states that he communicated with Plaintiff's counsel on numerous occasions concerning the need to reach a confidentiality agreement. Odierna's counsel asserts that Plaintiff's counsel and Plaintiff examined the documents and marked some for copying on June 12, 2001, and that Odierna's counsel sent a letter to Plaintiff's counsel on June 22, 2001 confirming the status of the matter. Odierna's counsel asserts that Plaintiff's counsel did not contact him after June 12, 2001 before filing the instant motion. Odierna asks that 1) Plaintiff's motion be denied; 2) that Odierna be awarded sanctions; 3) that all post-judgment discovery concerning Odierna be kept confidential, and 4) that any filings with the Court disclosing such information be filed under seal (DE #46).

The parties are unable to agree upon the wording of a confidentiality order. Therefore, the undersigned Magistrate Judge is entering such an order by separate Order.

By January 14, 2002, Odierna shall produce the requested 75 documents to Plaintiff's counsel. Odierna's deposition shall take place on or before January 24, 2002.

Odierna has stated that some of the subpoenaed documents have been destroyed in a flood in a storage unit and that others are in the possession of an accountant who cannot be located . Plaintiff states that he was not informed of these facts until June 11, 2001, the day before the documents were to be produced, and asks that Odierna be ordered to provide a list of the documents destroyed by the flood and in the possession of the missing accountant. Odierna's counsel states that he informed Plaintiff's counsel of these facts in early May 2001, one month before the documents were supposed to be produced. This Court cannot order Odierna to produce documents which have been destroyed. However, insofar as he is able, on or before January 11, 2002, Odierna is directed to file an affidavit with the Court stating what documents were lost in the flood. Also on or before January 11, 2002, Odierna is directed to file an affidavit with the Court stating what documents are in the possession of the missing accountant; the name and last business address and business telephone number of the accountant, and the efforts which Odierna has made to obtain the subpoenaed documents from the accountant.

The requests for sanctions by Plaintiff and by Odierna are denied, as neither appears to be blameless in this dispute. The undersigned Magistrate Judge urges better communication between counsel in an effort to resolve disputed discovery issues without the need for Court intervention.

Based upon the foregoing analysis, this Court does hereby

**ORDER AND ADJUDGE** that Plaintiff's Motion To Compel Discovery and For Sanctions (DE #45, filed 7/27/01), is **GRANTED in part and DENIED in part**, as stated in the body of the Order. Robert Odierna, Jr. shall produce the requested documents on or before January 11, 2002. The deposition of Robert Odierna, Jr. shall take place on or before January 24, 2002. It is further

4

**ORDERED AND ADJUDGED** that Plaintiff's Motion For Sanctions (DE #45, filed

7/27/01), and Odierna's Request for Sanctions (DE #46, filed 8/8/01),are **DENIED**. It is

further

**ORDERED AND ADJUDGED** that Odierna's Motion For Confidentiality Order

(DE #46, filed 8/8/01), is **GRANTED in part and DENIED in part**. A confidentiality

order has been entered in this case by separate order.

**DONE AND ORDERED** in Miami, Florida, on this 27th day of December, 2001.

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Alan S. Gold
    United States District Judge
Loring N. Spolter, Esq.
    2455 E. Sunrise Boulevard, Suite 807
    Fort Lauderdale, Florida 33304
    (Attorney for Plaintiff)
Steven H. Naturman, Esq.
    Two Datran Center, Suite 1509
    9130 South Dadeland Boulevard
    Miami, Florida 33156
    (Attorney for Robert Odierna, Jr.)